THE CITY OF KANSAS CITY *et al.* v. THE UNION PACIFIC RAILWAY COMPANY *et al.*

No. 10571.

1. EQUAL PROTECTION OF THE LAWS—*denial of, by statute, cannot be complained of by one not of class discriminated against.* One cannot be heard to complain that a statute which discriminates between classes of persons in the imposition of burdens of municipal control and taxation is unconstitutional as being a denial of the equal protection of the laws, unless he belongs to one of the classes discriminated against.

2. ——— *§ 15, ch. 32, Gen. Stat. 1897, not unconstitutional as denying.* The statute (section 15, chapter 32, General Statutes 1897), which provides for the extension of city boundaries over certain classes of adjoining lands, is not violative of the Fourteenth Amendment to the Constitution of the United States because it exempts agricultural lands from its provisions.

Error from Wyandotte Court of Common Pleas.   T. P. Anderson, Judge.   Opinion filed June 11, 1898. *Reversed.*

*T. A. Pollock* and *Geo. B. Watson*, for plaintiffs in error.

*A. L. Williams, N. H. Loomis* and *R. W. Blair*, for defendants in error.

DOSTER, C. J.   Section 1, chapter 74, Laws of 1891 (section 15, chapter 32, General Statutes 1897), reads as follows :

" Whenever any territory adjoining or touching the city limits of any city of the first class having a population of 30,000 inhabitants or more shall be subdivided into lots and blocks, or whenever any unplatted tract of land shall lie upon or mainly within any such city, or is so situated as to be bounded on three-fourths of its boundary line by platted territory of or adjacent to such city, or by the boundary line of such city or by both, the same may be added to and made a part of the city by ordinance duly passed, which ordinance shall describe the territory by giving the name of the subdivision or addition as platted, and by giving the metes and bounds of such unplatted tract, or by giving the metes and bounds of each tract and plat so taken in separately, or of the entire tract or tracts so taken in, with the section, town, range and county in which the same is located, without further proceedings ; but nothing in this act shall be taken or held to apply to any tract or tracts of land used for agricultural purposes when the same is not owned by any railroad or other corporation."

By ordinance of March 8, 1892, the city council of Kansas City, in pursuance of the above statute, extended the city boundaries so as to include certain lands belonging to the defendant in error the Union Pacific Railway Company.   The preamble to this ordinance reads as follows :

" Whereas, a certain unplatted territory belonging to the Union Pacific Railroad Company lies upon and

mainly within the city of Kansas City, Kansas, and is so situated as to be bounded on three-fourths of its boundary line by platted territory of, and adjoining to said city ; which said railroad land, by virtue of its location, enjoys the benefits of said city, without sharing its burdens, now therefore," etc.

This preamble shows that the added tracts belonged to one of the classes of lands the annexation of which is authorized by the statute.   The defendants in error obtained a perpetual injunction against the collection of city taxes to which the lands in question became subject after their incorporation into the city limits. Error is now prosecuted from the judgment awarding the injunction.   The questions for decision are presented to this court, as in the court below, upon the demurrer of the defendants, now plaintiffs in error, to the petition of the plaintiffs, now defendants in in error.

The contention of the defendants in error is that the act providing for the extension of city boundaries discriminates between classes of real estate owners, and is therefore violative of that part of the Fourteenth Amendment to the Constitution of the United States which prohibits the states from depriving persons of property without due process of law, or denying to persons within their jurisdiction the equal protection of the laws.   This contention is based upon the exception forming the last clause of the statute quoted : " But nothing in this act shall be taken or held to apply to any tract or tracts of land used for agricultural purposes when the same is not owned by any railroad or other corporation."   So far as this statute discriminates between classes of owners of agricultural lands the defendants in error cannot be heard to complain.   Their lands are not agricultural lands. At least they do not allege them to be such lands, but

1. Denial of equal
protection of
laws cannot be
complained of,
when.
on the contrary allege that parts of them are used for railroad purposes and that the remaining portions are vacant and unoccupied lands held and possessed for railroad purposes. Owning no agricultural land, the defendants in error are not affected by the discrimination which the statute makes between the different classes of owners of such kind of land, and they cannot, therefore, be heard to complain on that score.

"A court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it." Cooley's Constitutional Limitations ( 6th ed.), 196.

The statute, however, does exempt some agricultural lands from its operation. Of this the defendants in error complain and for the like reason as before. The discrimination in this particular is not in respect of the ownership of the lands, but in respect of their character — the uses to which devoted. It is 2. Gen. Stat. 1897,
ch. 32, § 15, not
unconstitutional. not claimed, in specific terms, that the Legislature is powerless to authorize the extension of city boundaries over lands platted for city purposes and used for city residences, and, at the same time, exempt agricultural lands having to the city like relations of situation, contiguity, and otherwise. Such claim is comprehended, however, within the general scope of the argument made. We do not assent to it. No case in assertion of such doctrine has been cited to us, and none we believe can be found. The very fact of land not already surrounded by incorporated portions of the city being used for agricultural purposes, is *prima facie* evidence of the rightfulness of its exemption from municipal control.

" The fundamental idea of a municipal incorporation . . . is to invest compact or dense population

with the power of local self-government.   Indeed the necessity for such corporations springs from the existence of centers or agglomerations of population, having, by reason of density and numbers local or peculiar interests and wants, not common to adjoining sparsely settled or agricultural regions." Dillon's Municipal Corporations (4th ed.), § 183.

Municipal incorporation involves of necessity the idea of corporate limits coterminous with the urban population and exclusive of the adjoining agricultural tracts.   City limits are not of course always terminable with population.   Manufacturing and other industrial institutions, such as railway yards, round houses, grain elevators and the like, are often situated beyond the limits of city population.   Ordinarily in such cases they are immediately adjoining it.   In and around such places many persons are employed at labor, both day and night, and the necessity for the inclusion of such places within city boundaries is just as great as though they formed parts of the residence and business portions of the city.   To say that the tracts of land upon which these industrial institutions are situated may not be included within city boundaries and subjected to municipal control, because an adjoining tract of land used for farming purposes, but equally as near to the heart of the city is not likewise brought within the city limits, is a claim, to us, unheard of before.   It is the business of the Legislature to enact general rules by which the boundaries of incorporated districts may be fixed in the first instance, and by which additions thereto may subsequently be made.   Dillon's Municipal Corporations (4th ed.), § 185.   The special instances in which the general legislative rules may be applied must of necessity be left to the municipal authorities of the city in question.   Instances may occur in which both Legislature and city council will violate funda-

mental rules, but the petition of the plaintiffs below, the defendants in error here, does not show any such case.

It is contended that the act in question, though general in its terms, is nevertheless special in point of fact, because there was at the time of its enactment, and is yet, but one city to which its provisions could apply.    This does not make it a special law.

The judgment of the court below was wrong.    It is reversed with directions to sustain the demurrer to the petition.