J. M. TARMAN *et al.* v. THE CITY OF ATCHISON *et al.*
No. 13,667.   (77 Pac. 111.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS— *Street Improvements in Cities of the First Class.* The mayor and council of a city of the first class having a population of less than 25,000 inhabitants have the power to contract for the grading of streets and alleys, and to levy a special assessment upon the abutting property to pay the expense thereof, without first having been requested so to do by petition signed by the resident owners.

Error from Atchison district court; B. F. HUDSON, judge.   Opinion filed June 11, 1904.   Affirmed.

*C. D. Walker, J. L. Berry,* and *Henry Keeler,* for plaintiffs in error.

*A. F. Martin,* city attorney, for defendants in error; *J. W. Orr,* of counsel.

The opinion of the court was delivered by

GREENE, J.: The plaintiffs were the owners of certain lots abutting upon Main street in the city of Atchison, between Fifth and Fifteenth streets. In 1902 the mayor and council adopted a resolution authorizing the grading of said Main street between Fifth and Fifteenth streets, entered into a contract

therefor, and levied a special assessment upon the abutting property to pay the cost. The plaintiffs commenced this action to restrain the city and its mayor and council from making such assessment, from issuing improvement bonds, and from certifying such assessment to the county clerk. The plaintiffs based their right to an injunction on the ground that the resolution passed by the city council authorizing the grading and the levy of the special assessment to pay the expense thereof was unauthorized, because the owners of the adjoining property had not requested the mayor and council, by petition, to do so. The petition alleged that no petition, signed by the property-owners upon said street, was presented to the mayor and council asking that such improvement be made and that the cost thereof be levied as a special assessment upon their property. To the petition the defendants filed a general demurrer. For the purpose of raising the question, it was admitted that the city of Atchison was a city of the first class, with a population of less than 25,000 inhabitants. The court sustained the demurrer, and rendered judgment for costs against the plaintiffs, who bring bring this proceeding in error.

The only question for our determination is whether the mayor and council had the power to grade the street and levy a special assessment upon the abutting property without first having been requested so to do by a petition signed by the owners of the property abutting upon such street. It appears to have been the policy of the state to withhold from the mayor and council of cities of the first class the power to open, widen or grade any street or alley, and levy a special assessment upon abutting property to pay the expense or cost thereof, without having been re-

quested so to do by a petition signed by the owners. In section 4 of chapter 99, Laws of 1887, the provision reads:

"Provided, that in case a' petition of a majority of the resident property-owners of a majority of the front feet on any street, or part thereof, shall petition the mayor and council to grade any street, and to grade and pave the intersections thereof, at the cost of the owners of the lands fronting upon the street described in the petition, and if such petition shall be ordered spread upon the journal of the council by a majority of the council elect, the mayor and council shall there-after have power to assess the cost of such improvement against the lots and parcels of land abutting on such street so improved. . . ."

This provision was reenacted in section 6 of chapter 73, Laws of 1891, and again in section 1 of chapter 274, Laws of 1895. In 1899, however, this policy was changed in so far as concerns cities of the first class with a population of less than 25,000 inhabitants. Section 1 of chapter 81, Laws of 1899, entitled "An act in relation to cities of the first class, and to repeal chapter 274 of the Laws of 1895," reads:

"When the mayor and council shall deem it necessary to curb, gutter, pave, macadamize, or grade, or recurb, regutter, repave, remacadamize, or regrade, any street, lane, avenue, or alley, or any part thereof, or build or construct any sewer, within the limits of the city, for which a special tax is to be levied, such mayor and council shall by resolution declare such work or improvement necessary to be done ; and such resolution shall be published for six days in the official paper of the city if the same be a daily, or for two consecutive weeks if the same be a weekly ; and if a majority of the resident owners owning a majority in square feet of the lots or real estate liable to taxation therefor shall not within twenty days thereafter file with the clerk of said city their protest in writing against such improvement, then such mayor and council shall

have power to cause such improvement to be made, and to contract therefor, and to levy taxes as provided by law, and the work may be done before, during or after the collection of the special assessments, as may be deemed proper by the mayor and council; but none of the provisions of this act shall prevent the mayor and council from grading or regrading any street, lane, or alley, or part thereof, and pay therefor out of the general-improvement fund of such city; provided, that in cities of the first class having a population of over 25,000 no resolution to pave, macadamize, or grade, or repave, remacadamize, or regrade, any street, lane or alley shall be valid unless a petition asking such improvement has been ordered spread upon the journal, which petition must be signed by the resident owners of not less than one-half of the feet fronting or abutting upon such street, lane or alley to be improved; and provided further, that the feet fronting or abutting upon such street, lane or alley owned or held by persons not residents of said city shall not be taken into account in determining the sufficiency of any such protest or any such petition. In case of paving, such petition shall state the width of the paving, and a specific description of the material to be used."

It is quite apparent that the legislature intended that all cities of the first class with a population of less than 25,000 might dispense with the petition as a condition precedent to the power of the council to pass a resolution authorizing the grading of streets and the levy of a special assessment upon the abutting property to pay the expense. The reason for removing this limitation on the powers of the mayor and council in cities with less than 25,000 inhabitants, and continuing it on such officers in cities having a population of more than 25,000 inhabitants, is not quite clear.

Plaintiffs in error contend that section 4 of chapter 99, Laws of 1887, which requires such petition, has not been repealed, and, therefore, the special assess-

ment in this instance is void.   Without deciding this question, but conceding that it has not been repealed, what does it avail the plaintiffs in error?   The act of 1889 excepted from the provisions all cities with a population of less than 25,000 and limited the neces-sity for such petition to cities with a population of more than 25,000.   The city of Atchison is within the exception.   Sections 7 and 8 of chapter 73, Laws of 1891, conferred authority upon the mayor and council of all cities of the first class to grade streets and al-leys and levy a special assessment upon the abutting property to pay the expense.   Possessing this power by legislative grant, the mayor and council of the city of Atchison had the power to grade its streets and levy a special assessment upon the abutting property without being requested so to do by a petition signed by the owners of such property.

The judgment of the court below is affirmed.

All the Justices concurring.