THE CITY OF KANSAS CITY *et al.* V. SILAS B.
SILVER *et al.*

No. 14,793.  (85 Pac. 805.)

MUNICIPAL CORPORATIONS — *Public Improvements — Void Proceedings—Curative Act.* The act of 1903 providing that where special assessments by a city for public improvements are irregular or void for any cause whatsoever the mayor and council may relevy such special assessments in the manner provided was said to cover proceedings that were void because the petition for the improvements lacked the required number of signatures.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.  Opinion filed June 9, 1906. Reversed.

*E. S. McAnany,* city counselor, *Ralph Nelson,* city attorney, *J. W. Dana,* and *T. A. Pollock,* for plaintiffs in error.

*W. S. Carroll, Samuel Maher, C. F. Hutchings,* and *Keplinger & Trickett,* for defendants in error.

*Per Curiam:* The city of Kansas City undertook to pave one of its streets and to assess the cost upon the property specially benefited. The defendants in error enjoined the assessments against their property, the original petition for the improvement having lacked the required number of signatures. The legislature then passed the general curative act embodied in section 129 of chapter 122, Laws of 1903, which reads as follows:

"In case the mayor and council of any city shall have heretofore levied or shall hereafter levy any special assessment for any public improvement in said city, which special assessments are or may be informal, illegal, irregular, or void for the want of sufficient authority to make or levy the same, or for any cause whatsoever, the mayor and council of such city may at any time relevy any such special assessments in the

manner provided, and against the property liable for assessment for such improvement at the time of the making thereof; provided, that in all cases where informal, illegal, irregular or void special assessments levied for any improvement against any lot or piece of land shall have been paid, in whole or in part, such lot or piece of land shall not be reassessed for the assessment of the part thereof so paid."

Afterward the city, by ordinance, relevied the special assessments upon the property liable therefor, and was again enjoined. To review the second judgment this proceeding in error was commenced.

The statute was intended to cure proceedings void for want of a sufficient petition—that is, void for want of jurisdiction, as in this case. A petition might have been dispensed with by the legislature in the first instance, and hence the curative statute was within the constitutional power of the legislature to enact. The act is of course to be construed as applicable to defects within the power of the legislature to remedy, and the defendants in error can complain of no invalidity in the law which does not affect them. The extent of the restrictions to be placed upon the taxing powers of cities is a legislative and not a judicial question.

The curative act by express terms authorizes a relevy, and not a doing over of the whole process, including a reappraisement, reassessment, etc. The method provided for relevy is by ordinance, as in other cases, and the property liable is the property benefited when the improvement was made. The argument that there was no law for doing what the city did is answered by the statute-book. The relevy having been made under the new statute, the former judgment creates no estoppel.

No new question of law is presented. The principles involved are fully covered by former decisions of this court. (*Hines and others v. The City of Leavenworth and others,* 3 Kan. 186; *City of Emporia v. Norton,* 13 Kan. 569; *City of Emporia v. Norton,* 16

Kan. 236; *City of Emporia v. Bates,* 16 Kan. 495; *City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288, 47 Am. Rep. 486; *Mason v.'Spencer, County Clerk,* 35 Kan. 512, 11 Pac. 402; *Newman v.·City of Emporia,* 41 Kan. 583, 21 Pac. 593; *Manley v. Emlen,* 46 Kan. 655, 27 Pac. 844; *City of Kansas City v. Railway Co.,* 59 Kan. 427, 53 Pac. 468, 52 L. R. A. 321; *The State v. Smiley,* 65 Kan. 240, 69 Pac. 199, 67 L. R. A. 903; *Leavenworth v. Water Co.,* 69 Kan. 82, 76 Pac. 451; *Tarman v. Atchison,* 69 Kan. 483, 77 Pac. 111.)

The judgment of the court of common pleas is reversed and the cause remanded, with instructions to render judgment for the city on the agreed facts.