JAMES HAGGART *et al.* v. THE CITY OF KANSAS
CITY *et al.*

No. 15,395.. (94 Pac. 789.)

1. MUNICIPAL CORPORATIONS—*Pavement Proceedings—Curative Act.* It was said that inasmuch as the legislature can grant or refuse property owners in cities the privilege of designating the kind of material to be used in paving streets it can cure a proceeding that was defective because one kind of material was used instead of another.

2. ——— *Injunction — Collection of a Tax — Res Judicata.* A judgment holding a city ordinance authorizing the paving of a street to be invalid held not *res judicata* in a suit to enjoin the collection of a tax for paving the street under a new ordinance.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. First opinion filed June 8, 1907. Affirmed. Rehearing granted July 5, 1907. Opinion on rehearing filed March 7, 1908. Reaffirmed.

*Getty & Hutchings,* for plaintiffs in error.

*H. L. Alden,* city counselor, *Ralph Nelson,* city attorney, *J. W. Dana,* and *T. A. Pollock,* for defendants in error.

*Per Curiam:* This suit was brought to enjoin the city of Kansas City and its officers from collecting a reassessment of the cost of paving a part of Fifth street in that city. The petition in the case is very long and no good purpose would be subserved in reproducing it at length here.

A general demurrer was filed by the defendants to the petition, and the demurrer was sustained by the court. The plaintiffs elected to stand on their petition, the injunction was denied, and they bring the case here to reverse the order.

It is urged that the plaintiffs, or others who then owned the real property against which the reassessment is now levied and to restrain the collection of

which this suit was brought, in a former action, before a court of competent jurisdiction, on the same facts and under the same law, obtained a perpetual injunction debarring the defendants from doing the very acts which it is sought to enjoin them from doing by this suit. This judgment, it is said, is *res judicata*, and estops the defendants. The petition, however, shows that the injunction pleaded was under a different ordinance, which was passed prior to the enactment of chapter 122 of the Laws of 1903.

On the authority of *Kansas City v. Silver*, 74 Kan. 851, 85 Pac. 805, it is held that the petition does not state facts sufficient to constitute a cause of action, and the order and judgment of the court are affirmed.

OPINION ON REHEARING.

*Per Curiam:* The fraud charged in the petition is that the property owners were deprived of the right to a pavement of asphalt, brick having been used instead. It is true that the statute gives property owners in cities of the first class the privilege of designating the kind of material to be used. The legislature might, however, have refused this privilege in the beginning, and, since it could have done this, it could cure a proceeding that was defective because one kind of material was used instead of another.

After the curative statute had been enacted an ordinance relevying the assessment was passed. Proceedings under this ordinance were enjoined, on the ground that the ordinance was unconstitutional. Then a second relevy was made by another ordinance. It is now contended that the former judgment is *res judicata.*

This is a new case based upon a new proceeding under a new ordinance. While the proceedings under the first relevy are perpetually enjoined, the question now

is, Are the proceedings under consideration, under a new ordinance passed subsequent to that decision, valid? The first ordinance was held to be invalid because it was unconstitutional. That was merely the reason given for that decision, and the estoppel of *res judicata* does not lie in the reason given for the judgment. The judgment in the first case contains language which is ambiguous. The issue, however, was the validity of the ordinance, and the proceeding then under consideration and the language of the judgment must be interpreted with reference to the issue on trial and the only issue which could then be tried. It cannot be presumed that the court went outside the issue and looked into the future and undertook to pass upon the validity of new ordinances and new proceedings which might be the subject of future litigation. If such was the intention of the court the language of the judgment should have put the question beyond all doubt. The constitutionality of the present ordinance is a new question. The court was bound to decide that question as if it were presented for the first time. It might have taken the position that it had investigated the legal question and is now satisfied the ordinance is bad. But the fact that it took this position once does not make the former judgment binding in this case.

The judgment is reaffirmed.