THE CITY OF KANSAS CITY v. SCHWARTZBERG *et al.*

No. 15,407. (96 Pac. 485.)

JUDGMENTS—*Res Judicata*—*Special Tax*—*Injunction.* A judgment enjoining a city from making a special assessment for an improvement on account of irregularities in the proceedings did not prevent the city from relevying the assessment by proper proceedings.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed June 6, 1908. Reversed.

*J. W. Dana,* and *T. A. Pollock,* for plaintiff in error; *Ralph Nelson,* and *H. L. Alden,* of counsel.

*C. W. Trickett,* and *L. W. Keplinger,* for defendants in error.

*Per Curiam:* Plaintiffs sued the city to enjoin the passage of an ordinance relevying an assessment for special improvements in paving a street, and to enjoin any further proceedings by the city, on the ground that in a prior suit between the same parties they had obtained a judgment forever enjoining the city from making an assessment on the property of plaintiffs to pay for the particular improvement. The ordinance in question was passed under the authority of section 129 of chapter 122 of the Laws of 1903. The case is controlled by the principle declared in *Kansas City v. Silver,* 74 Kan. 851, 85 Pac. 805. (See, also, *Kansas City v. Boylan,* 74 Kan. 901, 88 Pac. 1134; *Haggart v. Kansas City,* 77 Kan. 798, 94 Pac. 789.)

An attempt is made to distinguish this case on the theory that the prior judgment relied on determined that the property of the plaintiffs was not benefited by the improvement, but if this could be said to make any difference there is nothing in the agreed statement of facts upon which the case was tried, nor in the prior judgment, to intimate that the property of the plaintiffs was not benefited. There was no allegation in the original nor the supplemental petition in the former suit to that effect. On the contrary, it appears from the agreed statement of facts in this case, as well as the pleadings in the former suit, that all the property assessed lies within half a block on either side of the street improved, and that the former judgment, which is now claimed to be *res judicata,* was based upon mere irregularities in the proceedings of the council. The legislature in its wisdom saw fit to give the city the power to cure all such irregularities by subsequent proceedings. The validity of these curative acts has been repeatedly upheld. (See the cases cited, *supra,* and *Kansas City v. McGrew, ante,* p. 335.) On the agreed statement of facts, therefore, the judgment should have gone for the city.

The judgment is reversed, and the cause remanded with directions to enter judgment for the defendant for costs.