THE BOARD OF EDUCATION OF THE CITY OF HUMBOLDT
v. PAUL KLEIN *et al., as County Commissioners, etc.*

No. 16,183.    (99 Pac. 222.)

SYLLABUS BY THE COURT.

1. COUNTY HIGH SCHOOLS—*Elections—Votes Required.* Before
the provisions of chapter 397 of the Laws of 1905, providing
for establishing county high schools, can be legally adopted
the proposition when submitted at a general election must
receive a majority of all the votes cast upon any question or
office voted for at such election.

2. ———— *Elections—Proposition Not Legally Adopted—Powers
of Canvassing Board.* A proposition to adopt the provisions
of the high-school law of 1905 was submitted to the voters of
Allen county at the general election held November 6, 1906.
There were 4558 votes cast at the election. On the proposition
of adopting the high-school act 1821 persons voted in favor
of it, 1205 voted against it, and 1532 voting at the election
failed to vote on the proposition. The board of county com-
missioners met as a canvassing board and declared the re-
sult. Afterward, assuming that the proposition carried, the
board levied a tax for high-school purposes for the year 1907,
which was used in the maintenance of a high school under the
provisions of the act. In 1908 the board refused to make any
levy for this purpose. *Held,* that the proposition failed to
carry, and that no order which the board could have made
could affect the legal result of the election as shown by the
returns.

3. ———— *Tax Levy—Mandamus—Estoppel.* The fact that the
board of county commissioners acted upon a misapprehension
of the legal effect of the returns and levied a high-school tax
for 1907 will not estop the board, in an action brought to
compel them to levy a similar tax for the year 1908, from
claiming that the proposition was never legally adopted.

Error from Allen district court; OSCAR FOUST,
judge. Opinion filed December 12, 1908. Affirmed.

*G. A. Amos, H. A. Ewing, S. A. Gard,* and *G. R.
Gard,* for plaintiff in error.

*C. J. Peterson,* county attorney, and *Charles H. Apt,*
for defendant in error.

14—79 KAN.

The opinion of the court was delivered by

PORTER, J.: At the general election held November 6, 1906, there was submitted to the voters of Allen county a proposition to adopt what is known as the "Barnes high-school law," under the provisions of chapter 397 of the Laws of 1905, entitled "An act providing for the maintenance and regulation of high schools." At this election there was a total of 4558 votes cast; on the proposition of adopting the provisions of the high-school act 1821 persons voted in favor of it, 1205 voted against it, and 1532 voters voting at the election failed to vote on the proposition. After the canvass of the vote the county commissioners, assuming that the proposition had carried, proceeded to levy a tax for high-school purposes on all the property in Allen county, and the board of education of the city of Humboldt made arrangements for carrying on its high school in accordance with the provisions of the act, and conducted a high school thereunder during the year 1907. Afterward, at the August meeting in 1908, the board of county commissioners refused to make any levy for the purpose of carrying on the high school, and thereupon the board of education brought this action in mandamus in the district court of Allen county to compel the county board to levy a tax for the year 1908 under the provisions of the act. There was a trial, and the court found for the defendant and denied the peremptory writ. This proceeding in error was brought to reverse that judgment.

The plaintiff in error raises two contentions: First, that the proposition submitted to the voters carried at the election, since it received a majority of the votes cast upon that question; second, that the action of the board of county commissioners, when it met as a canvassing board to canvass the result of the election, amounted to a declaration that the proposition carried, and that it was too late for the board afterward to

attempt to make a different record annulling the for-
mer one.

The first contention raises a question which is no
longer an open one in this state. Section 10 of the act
of 1905 provides that the proposition shall be submitted
at the next general election in each county or part of
county to which the act applies, "unless previously
submitted." The same section then contains a provi-
sion which reads:

"Whenever a majority of the voters voting in any
county, or the part of any county to which this law may
apply, at such election shall be in favor of such propo-
sition, the provisions of this act shall apply in such
county from the time such result is ascertained."

The exact meaning of this language, "a majority of
the voters voting . . . at such election," when the
election is a general one, has been determined by this
court to mean a majority of all the voters voting on
any proposition at such election. (*High School v. Com-
missioners,* 61 Kan. 796, 60 Pac. 1057; *In re Davis,* 62
Kan. 231, 61 Pac. 809.) The legislature made it op-
tional with the proposers to have the proposition sub-
mitted at a special or at the general election. In either
case it required a majority of all the votes cast at such
election. The proposition to adopt the high-school act
having failed to carry, it necessarily follows that the
board can not be compelled by mandamus to perform
official duties the authority for which can only be de-
rived from the adoption of the act.

We can not yield our assent to the contention that,
because the canvassing board in determining the re-
sult of the election declared that the proposition car-
ried, this made the matter *res judicata* or estops the
board from now claiming that it was not carried. As
was said in *Shull v. Comm'rs of Gray Co.,* 54 Kan. 101,
37 Pac. 994:

"The duty of a canvassing board is almost wholly
ministerial. They are to ascertain and declare the re-

sult of the voting as shown by the returns." (Page 106.)

This, we assume, is what the canvassing board did. It declared the result of the votes as shown by the returns. The result shows that the proposition failed to carry. The fact that the board of county commissioners acted during the year 1907 upon a misapprehension of the legal effect of the returns can make no difference.

No importance can be attached to the contention that the refusal to levy the tax amounts to a finding or order of the board reversing its former action when sitting as a board of canvassers. No order that the board could have made at any time could affect the legal result of the election as shown by the returns. This is an action to compel the board to levy a tax—to do something which it has no right to do unless the high-school law is in force in Allen county under the election of 1906. Since the proposition failed to carry, the law never was in force, and nothing that the board sitting as a canvassing board or as county commissioners may have done in the premises could alter the situation.

For these reasons the judgment of the district court is affirmed.