THE STATE OF KANSAS, *ex rel. John S. Dawson, as Attorney-general, etc., Plaintiff,* v. EARLE G. EBERHARDT, *as County Treasurer, etc., Defendant.*

No. 17,515.

### SYLLABUS BY THE COURT.

TAXATION—*Taxes Illegally Collected—Legalized by Curative Act.* Where illegal taxes are levied and collected and the money is in the hands of the county treasurer, and thereafter a valid curative act is enacted, which act would legalize the relevy and collection of the same taxes even after the judgment of a court of competent jurisdiction had adjudged the taxes illegal, this court in an original proceeding in mandamus will adjudge the distribution of such money in the hands of the county treasurer according to the provisions of the original act as cured.

Original proceeding in mandamus. Opinion filed July 7, 1911. Peremptory writ allowed.

*John S. Dawson,* attorney-general, *J. O. Wilson, B. I. Litowich,* and *C. W. Burch,* for the plaintiff.

*Frank T. Knittle,* for the defendant.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in mandamus, brought by the state on the relation of the attorney-general, to require the defendant, as county

28—85 KAN.

treasurer of Saline county, to distribute to certain school districts named certain taxes levied by the county authorities and collected by the defendant as county treasurer, under the act known as the "Barnes high-school law" (Laws 1905, ch. 397, as amended by Laws 1907, ch. 333, and Laws 1908, ch. 69, and cured by Laws 1909, ch. 210, Gen. Stat. 1909, §§ 7792-7801, 7809).

The taxes were illegally levied and collected, for the reason that at the election upon the question of adopting the provisions of the act in Saline county a majority of the votes cast were in favor, but a majority of the voters of the county did not vote in favor of adopting the act. (*Humboldt v. Klein,* 79 Kan. 209.)

The return to the writ shows that in a certain action brought in the district court of Saline county the county treasurer and other officers of the county were defendants. The district court on the 17th day of December, 1908, by its judgment declared that the Barnes high-school act was not legally adopted in that county and forever enjoined and prohibited the defendants therein from levying, collecting or attempting to collect any taxes, charges or assessments upon any property within the said county under and by virtue of the act, unless such act should thereafter be legally adopted in the county, and especially enjoined the collection or attempting to collect the taxes for the year 1908.

It is conceded that the three high schools named had been established in Saline county under the provisions of the act, and that such taxes would have been legal had a majority of the voters of the county voted in favor of the adoption of the act. Chapters 210 (Gen. Stat. 1909, § 7809) and 215 (Gen. Stat. 1909, §§ 7807, 7808) of the Laws of 1909 are curative statutes and validate the election. No objection is made to the validity of the curative acts nor is any return asked of the taxes collected for the years 1909 and 1910. It is, however, urged that, under the judgment of the dis-

trict court before referred to, which is unappealed from and in full force and effect, the taxes which had been levied and collected for the year 1908 were judicially determined as illegal, and upon the rendition of such judgment the taxpayers of the county who had paid such taxes into the county treasury acquired a vested right to a return of such payments; that the curative acts of 1909 could not legally devest them thereof, and that to hold otherwise would approve the confiscation of the property of the taxpayers.

The objection is purely academic, even if well taken, which we are inclined to think it is not. Under the authority of *Kansas City v. Silver,* 74 Kan. 851, *Haggart v. Kansas City,* 77 Kan. 798, and *Shepherd v. Kansas City,* 81 Kan. 369, we think that even if the money were refunded to the taxpayers the county authorities would again have the right, under the curative act, to relevy and recollect the same taxes.

The peremptory writ is allowed.