No. 21,586.

THE STATE OF KANSAS, ex rel. Herbert E. Ramsey, as County Attorney, etc., v. THE CITY OF HUTCHINSON et al., *Defendants.*

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*Proper Proceeding to Determine Boundary of City.* The state may maintain quo warranto against a city for the purpose of determining its true boundary, where its fault consists in confining its territorial jurisdiction within too narrow limits, as well as where it undertakes to extend them too far.

2. CITY ORDINANCE—*Scope of Title—Boundaries of City.* By virtue of the statutory requirement that the subject of an ordinance (of a city of the first class) shall be clearly expressed in the title, the portion of an ordinance which undertakes to exclude territory from the corporate limits is held to be ineffective because the only purpose expressed in the title is "extending the limits of the city."

3. BOUNDARIES OF CITY—*Petition in Quo Warranto Construed.* A petition in quo warranto against a city, charging it with unlawfully re-

fusing to exercise jurisdiction of a tract of land within the corporate limits, held to allege by fair implication that such tract has not been excluded from the city unless that result followed from the adoption of the ordinance referred to.

Original proceeding in quo warranto. Opinion filed January 12, 1918. Demurrer to petition overruled.

*Herbert E. Ramsey,* county attorney, *F. L. Martin,* and *E. T. Foote,* both of Hutchinson, for the plaintiff.

*Walter F. Jones,* and *J. S. Simmons,* both of Hutchinson, for the defendants.

The opinion of the court was delivered by

MASON, J.: The state brings an action in the nature of quo warranto against the city of Hutchinson for the purpose of determining whether a certain tract of land is within its corporate boundaries. Clay township, which adjoins the city at the place where the boundary is in dispute, is also made a defendant. The petition alleges that the land is within the city, but that the city, as well as the township, denies jurisdiction over it. The case is submitted upon the city's demurrer to the petition.

1. The city contends that quo warranto will not lie to correct its conduct in refusing to take jurisdiction of the tract in dispute, even if it be under a legal obligation to do so. Quo warranto is generally recognized as the proper method of seeking relief where a municipality undertakes to exercise control over disputed territory. (28 Cyc. 212; 23 A. & E. Encycl. of L., 2d ed., 638.) Here the situation is novel in that the city and township each seeks to impose upon the other the responsibility for the government of the doubtful territory. This attitude is accounted for by the fact that an accident has taken place upon a highway therein, which will doubtless result in claims for damages being made against whichever body is charged with the duty of maintaining it. A question as to the true boundary of a municipal corporation cannot ordinarily be raised by an individual (*Topeka v. Dwyer,* 70 Kan. 244, 78 Pac. 417; *Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010), and an action by the state seems the appropriate means of settling a controversy in that regard. An essential part of

a municipality is the territory which it embraces. A city whose boundaries include a disputed tract cannot be precisely the same entity as one whose boundaries exclude it. "Every extension of corporate limits to include new territory is to that extent a reorganization" (*Topeka v. Dwyer*, supra, p. 247), and so a change of boundaries involves in a certain sense the creation of a new corporation. A special act undertaking to reduce the limits of a city has been held to be void because it is an attempt to confer corporate power, a result which can be accomplished only by a general law. (*Gray v. Crockett*, 30 Kan. 138, 145, 1 Pac. 50.) We conclude that an action by the state against a city to determine by what right it exercises corporate powers over a specified territory is a proper proceeding by which to determine the true boundary line, whether the alleged fault of the defendant lies in extending its territorial jurisdiction too far, or in confining it within too narrow limits.

2. According to the allegations of the petition, the tract in question is situated within the boundaries of the city as they were established up to 1890. On August 8, 1914, an ordinance was passed which was described in its title as one extending the city limits. It undertook to define by course and distance the new boundary line in the vicinity of the disputed tract. There was some repugnancy of calls at this place, but a part of the line described would necessarily lie inside of the boundary as it existed in 1890. The plaintiff contends, and the contention is clearly well founded, that inasmuch as the title of an ordinance is required to express its subject (Gen. Stat. 1915, § 1413), any part of this one which undertakes to reduce the territory of the city is rendered void by the fact that the title refers only to an extension and not to a restriction of the limits.

3. The city does not seem to controvert this proposition, but argues that in order to uphold the ordinance we should presume that prior to its adoption the boundaries as established in 1890 had been changed to conform to the line it describes. The petition does not say in so-many words that no change of boundary was made between 1890 and the date of the ordinance, but we think it must be regarded as doing so by fair inference. It alleges that in 1890 the limits of the city were defined "as at present constituted," and that prior to August 8,

1914, "no ordinance had ever been adopted" changing them. In the city's brief it is said that the territory could have been excluded by other means than the passage of an ordinance— that this could have been accomplished by "any one of several methods," which, however, are not pointed out. The statute provides for excluding tracts from cities by the action of the board of county commissioners (Gen. Stat. 1915, §§ 813, 814), but when this is done the change is required to be recorded by ordinance. (Gen. Stat. 1915, § 819.) An earlier statute provided for changes of boundary being made upon the order of the district court, but was held to be unconstitutional. (*Hutchinson v. Leimbach*, 68 Kan. 37, 74 Pac. 598.) An attempt to ratify acts done under it (Gen. Stat. 1915, § 820) seems open to objection as special legislation. But assuming that the territory might have been excluded from the city otherwise than by ordinance, the failure of the petition explicitly to deny that such action had taken place seems inadvertent rather than studied. We interpret the pleading as meaning that the tract in controversy has never been excluded from the city unless this result was accomplished by the adoption of the ordinance of 1914. No injustice can result to the city from this interpretation. If it claims that such change has actually been made it can readily plead the affirmative fact.

The demurrer to the petition is overruled, and the city is allowed thirty days from this date in which to file an answer, if it desires to do so, setting out specifically any proceedings upon which it relies as having effected the exclusion of the tract in question.