Mason v. Kansas City.

No. 21,619.

ANNIE MASON et al., *Appellants*, V. THE CITY OF KANSAS
CITY et al., *Appellees*.

SYLLABUS BY THE COURT.

1. CITIES OF FIRST CLASS—*Power to Extend Boundaries.* Property con-
sisting of one body of land may be annexed to a city of the first class,
if the whole of the tract thus annexed is contiguous to the city,
although parts of the tract may be owned by different persons.
(*Hurla v. Kansas City,* 46 Kan. 738, 27 Pac. 143, followed.)

2. SAME—*Extension of Territory—Who May Attack Validity of Pro-
ceedings.* The validity of proceedings taken by city officers under
statutory authority, which proceedings extend the corporate limits
of a city so as to annex a tract of land, can be questioned only in
a direct proceeding prosecuted at the instance of the state by proper
public officers.

3. SAME—*Constitutional Law—Curative Statutes.* Section 1 of chapter
104 of the Laws of 1913 (Gen. Stat. 1915, § 1042) cured any defects
that may have existed in ordinance No. 8219, annexing certain land to
Kansas City.

4. SAME—*Public Improvements—Error in Levy—Relevy.* Where special
assessments for public improvements in a city of the first class are
levied on property not liable therefor and are enjoined as to that
property, the assessments may be relevied on the property liable
therefor, and, when relevied, must be levied on that property in each
block separately.

5. SAME—*Attacking Special Assessments—Limitation of Actions.* If
special assessments for public improvements in a city of the first
class are attacked, they must be attacked within thirty days from
the time when the amounts due are ascertained.

Appeal from Wyandotte district court, division No. 1;
EDWARD L. FISCHER, judge. Opinion filed June 8, 1918. Af-
firmed.

*James M. Mason,* of Kansas City, and *W. C. Ralston,* of
Topeka, for the appellants.

*H. J. Smith, Lee Judy,* and *Thomas M. Van Cleave,* all of
Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs appeal from an order sustaining the defendants' demurrer to the plaintiffs' amended and supplemental petition. The plaintiffs seek to enjoin the collection of special taxes levied by the defendants. to pay for public improvements made along real property owned by the plaintiffs. They also seek to enjoin the general taxes levied by the city on that property. They attack the validity of the ordinance by which the property in question was annexed to Kansas City. They allege that the ordinance. is void for the reason that the land was not contiguous to, and did not touch, the boundaries of that city, and for the further reason that the description of the property, as recited in the ordinance, was indefinite and uncertain. The plaintiffs further allege that "neither Grant Place, Cissna Place, Griswold Brown's Survey, Elmgrove Place, Hazel Rose, or Longwood Addition, theretofore platted and lying between the said city limits of Kansas City, Kan., and the property here in controversy, had been added to, annexed, taken in or made a part of said city" prior to the 16th day of November 1909, the day on which the ordinance questioned was passed. There is no allegation in the petition that none of the property sought to be annexed by the ordinance was contiguous to the boundary of Kansas City, and there is no allegation that the property between the city and the property owned by the plaintiffs was not annexed by that ordinance.'

1. Under section 1041 of the General Statutes of 1915, property consisting of one body of land may be annexed to a city of the first class at one time, if the whole of the tract thus annexed is contiguous to the city, although parts of the tract may be owned by different persons. (*Hurla v. Kansas City,* 46 Kan. 738, 27 Pac. 143.) If the plaintiffs can maintain this action, their petition should show, not only that their property was not contiguous to the city, but also that the property between theirs and the city was not then being annexed.

2. The defendants insist that the plaintiffs cannot maintain this action for two reasons: First, that the plaintiffs are collaterally attacking the validity of the proceedings to annex their property; second, that those proceedings cannot be ques-

tioned by any one except the state through its proper officers. In *Chaves v. Atchison,* 77 Kan. 176, 93 Pac. 624, this court said:

"The validity of proceedings taken by city officers under statutory authority extending the corporate boundaries of a city so as to annex a tract of land can only be questioned in a direct proceeding prosecuted at the instance of the state by proper public officers." (syl.)

This rule has been followed in a number of cases, among which are *Topeka v. Dwyer,* 70 Kan. 244, 78 Pac. 417; *Railway Co. v. Lyon County,* 72 Kan. 16, 84 Pac. 1031; *Gardner v. Benn,* 81 Kan. 442, 105 Pac. 435; *Railroad Co. v. Leavenworth County,* 89 Kan. 72, 130 Pac. 855; *Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010; *The State, ex rel., v. City of Hutchinson,* 102 Kan. 325, 169 Pac. 1140.

3. Even if the ordinance is void, and even if the plaintiffs have a legal right to maintain this action, yet they must fail because of section 1 of chapter 104 of the Laws of 1913 (Gen. Stat. 1915, § 1042), which reads:

"That all ordinances and proceedings of any city of the first class having a population of more than forty-five thousand inhabitants which have been heretofore passed providing for the extension of the corporate limits of said city are hereby ratified and confirmed and such extensions shall be deemed and held valid in all respects: *Provided, however,* That this act does not affect any suits now pending in any courts in the state of Kansas."

Even if the lands owned by the plaintiffs were absolutely separate and apart from the city, and entirely disconnected from it in every way, yet the legislature had power to ratify the act of the city in annexing those lands. The legislature could have authorized such annexation in the first instance and could, therefore, ratify such annexation after it was made. (*Mason v. Spencer, County Clerk,* 35 Kan. 512, 11 Pac. 402; *Newman v. City of Emporia,* 41 Kan. 583, 21 Pac. 593; *The State, ex rel., v. Burton,* 47 Kan. 44, 48, 27 Pac. 141; *Leavenworth v. Water Co.,* 69 Kan. 82, 76 Pac. 451; *Cole v. Dorr,* 80 Kan. 251, 101 Pac. 1016; *The State v. Adams,* 85 Kan. 435, 116 Pac. 608; 2 McQuillin on Municipal Corporations, § 707; 36 Cyc. 1016.)

4. Certain special assessments levied on the lands in controversy were enjoined, as to part of those lands, in 1913, for

the reason that the lands assessed were not within the taxing district for the improvements for which the assessments were made. The city thereafter levied those assessments on the land within the taxing district. The part of the street improved was between Seventeenth and Nineteenth streets; but the assessments were relevied on the property between Eighteenth and Nineteenth streets. These streets constituted the boundaries of the block, and, under section 1231 of the General Statutes of 1915, the assessments were properly levied on the land within that block. Section 1231, in part, reads:

"For all paving, repaving, macadamizing, remacadamizing, curbing, recurbing, guttering and reguttering of the streets and alleys, the special assessments shall be made for the full cost thereof on each block separately."

This statute controls.

The city had power to relevy the special assessments on the property liable therefor. (Gen. Stat. 1915, § 1216; *Manley v. Emlen,* 46 Kan. 655, 27 Pac. 844; *Kansas City v. Silver,* 74 Kan. 851, 85 Pac. 805; *Kansas City v. Schwartzberg,* 78 Kan. 402, 96 Pac. 485; *Shepherd v. Kansas City,* 81 Kan. 369, 375, 105 Pac. 531.) Numerous other decisions of this court might be cited.

5. The amended and supplemental petition alleges that a number of special assessments were illegal and void for various reasons. That petition discloses that none of those assessments was attacked by any action in any way within thirty days from the time the amount due was ascertained. For this reason those assessments cannot now be questioned. (Gen. Stat. 1915, § 1217; *Park Association v. City of Hutchinson,* 102 Kan. 488, 171 Pac. 2, and cases there cited.)

General taxes were properly levied on the property owned by the plaintiffs, after that property had been annexed to Kansas City.

The petition does not state a cause of action in favor of the plaintiffs, and the judgment is affirmed.