No. 33,221

Harry Stone, Orie Johnson, Herman Goll, Sam L. Edwards, A. J. Moseley, J. Heersche and Charles Whitney, *Appellees,* v. The City of Wichita et al., *Appellants.*

(65 P. 2d 595)

Opinion filed March 6, 1937.

*Vincent F. Hiebsch, K. W. Pringle* and *Forrest V. McCalley,* all of Wichita, for the appellants.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action in which plaintiffs sought to have an ordinance of the city of Wichita adjudged void as to them and its enforcement enjoined. A trial resulted in judgment for plaintiffs. Defendants have appealed.

The findings of fact and conclusions of law of the trial court so well state the facts and the questions at issue that we set them out in full:

"This is an action asking for an injunction to prevent the enforcement of an ordinance of the city of Wichita which provides for the regulation and licensing of persons, firms and corporations engaged in the business of the wholesale sale of fruits, berries, vegetables or other produce of like nature in the city of Wichita, and providing punishment for the violation thereof.

"Plaintiffs are a group of farmers raising fruits and vegetables in the vicinity of Wichita, each one of whom raises and sells his own product to hotels, grocers and citizens of Wichita, the sale usually being at a common market place on Central avenue within the city.

"All have been arrested for alleged violation of the ordinance and are threatened with future arrests. This action is brought to enjoin further proceedings under the ordinance on the ground that it is void.

"The entire ordinance is made a part of these proceedings.

"Under its title the ordinance seeks to regulate and license all 'engaged in the business of the wholesale sale of fruits, berries, vegetables, melons or other produce of like nature' within the city.

"Section 1, after defining 'wholesale sale' then makes an exception, 'that any grower or producer who grows or produces personally or by his tenant the produce which he sells, offers for sale or exposes for sale within the corporate limits of the city of Wichita shall not be considered to be a wholesale dealer in such produce as hereinbefore provided, provided that he qualifies and registers as is hereinafter provided.'

"Section 4, in part, provides, 'It shall be unlawful for any person who is a grower or producer or who produces and grows personally or by his tenant produce to be sold to any hotel, restaurant, retail dealer or any other persons, firm, or corporation for the purpose of resale, to sell, offer for sale or expose for sale such produce within the city without registering as is hereinafter provided.' It states that he shall file an application with the city clerk to be registered as a produce grower, giving his name, address, legal description of the land, kind and variety which he proposes to sell, engine number of his automobile, truck or description of horse-drawn vehicle; that the application shall be in the form of an affidavit, under oath, and be an agreement that he will only sell produce actually produced by him or his tenant; and that 'said application shall also be sworn to before an officer authorized to administer oaths in Sedgwick county, Kansas, having a seal of office by two disinterested householders, being taxpayers residing within the county of Sedgwick and state

of Kansas.' Further, that the application shall be accompanied by a fee of one dollar for each vehicle, and upon the filing the city clerk shall issue a registration certificate to the applicant for each vehicle; that the same shall be conspicuously displayed and not be transferable, and it shall be unlawful for any such applicant to transfer any plate from one vehicle to another.

"Section 10 provides, in substance, a penalty of $100 or imprisonment in the city jail not exceeding 30 days, or both, for violation and each day's violation of the ordinance will constitute a separate offense. Further, that the board of commissioners may suspend any license on conviction and the same shall remain in effect pending appeal. It also provides that the board of commissioners upon being satisfied at a public hearing that a produce grower registered under section 4 is selling other produce than that actually grown by him upon land described in the application, may suspend his registration certificate without conviction. Also that when a license is revoked the licensee shall not be entitled to a new license within one year.

"The court finds that selling his own produce by the grower is not such a calling, trade, profession or occupation as is subject to licensing and regulation under 13-910, R.S. 1923, and as especially prohibited by 12-1617, R.S. 1923.

"A farmer selling his own produce is not a wholesaler in the sense of the term as used. The attempted licensing and regulation of such farmers is unreasonable and illegal. Such parts of the ordinance as refer to plaintiffs and others so situated are invalid. Plaintiffs are in danger of being arrested, prosecuted and harassed. The injunction as asked should be, and is, granted and made permanent."

Appellants argue a statute (G.S. 1935, 13-910) gives the city authority to enact the ordinance in question. It may well be doubted if this section of the statute grants such authority. But we need not determine that question, for in any event that section must be construed with another section of the statute (G.S. 1935, 12-1617), which reads:

"That the powers of the cities of the first, second and third classes within this state to impose license or occupation taxes upon peddlers and venders shall not be construed so as to apply to, or create the power to impose license taxes or occupation taxes upon producers and growers, or their agents or employees engaged in the sale of farm or garden products, or fruits grown within this state."

Appellants contend that statute is not broad enough to include the business of plaintiffs, as shown by the evidence. On that point we think appellants are in error. They next contend the statute is void under the fourteenth amendment to the United States constitution because its application is limited to products and fruit "grown within the state," citing *In re Irish*, 122 Kan. 33, 250 Pac. 1056, and other cases to the effect that citizens of other states have the same rights under our constitution as citizens of this state.

Appellants are not citizens of another state contending the statute is void as to them. They are not hurt by the alleged invalidity of the statute; hence, they are in no position to raise the question. Courts are loath to hold enactments of the legislature to be unconstitutional. It will be time enough for the court to pass upon the validity of the statute in that regard when the question is raised by someone who is hurt by it. (12 C. J. 760; 6 R. C. L. 89; *City of Kansas City v. Railway Co.*, 59 Kan. 427, 53 Pac. 468; *Brown v. Gilpin*, 75 Kan. 773, 90 Pac. 267.)

Appellants next complain that the court found plaintiffs not to be wholesalers, as that term is ordinarily understood. They argue the ordinance defines them as wholesalers. Perhaps it would be difficult, by a definition in an ordinance, to make one a wholesaler who was not so in fact. But, passing that thought, the ordinance classifies them as wholesalers, not because of the manner in which they sell their fruits and vegetables, but because of the fact that they do not make the sworn statement and agreement and do not furnish the sworn statement of two resident taxpayers of the county and pay certain fees and charges, all as provided in the ordinance. In other words, the ordinance makes them wholesalers because they do not comply with certain onerous provisions of the ordinance which have nothing to do with their method of selling produce. This is hardly an appropriate way of defining a wholesaler.

Appellants next argue the court erred in holding the parts of the ordinance void which apply to plaintiffs. The title of the ordinance refers only to wholesale dealers. A statute (G. S. 1935, 13-1421) provides, "That no ordinance shall contain more than one subject, which shall be clearly expressed in its title." Here the title gave no hint that the ordinance would contain provisions that those who sell their own grown fruits and vegetables, solely or mostly at retail, should be classified as wholesalers if they failed to do certain things separate and apart from their method of selling. It was not error for the court to hold invalid those parts of the ordinance affecting plaintiffs.

We find no error in the record. The judgment of the court below is affirmed.