The Honorable Ben Vidricksen State Senator, Twenty-Fourth District Room 143-N, Capitol Building Topeka, Kansas 66612
Dear Senator Vidricksen:
As senator for the twenty-fourth district, you request our opinion regarding whether the state legislature has the authority to validate a question submitted election the results of which authorized the levying of a countywide retailers' sales tax, the proceeds to be used to fund construction of a county jail.
Quoting earlier case law, the Kansas Supreme Court noted in Leekv. Theis, 217 Kan. 784 (1975), the distinction between the powers of congress and of the state legislature.
 "Under our form of government all governmental power is inherent in the people. Some governmental powers are delegated to congress, or to the federal government, by our federal constitution; those not so delegated are retained by the people. Hence, congress has no legislative power not granted to it by the federal constitution. This is not true of a state constitution. Since the people have all governmental power, and exercise it through the legislative branch of the government, the legislature is free to act except as it is restricted by the state constitution, and except, of course, the grant of authority to the federal government by the federal constitution." Leek, 217 Kan. at 802.
The constitution of the state of Kansas limits rather than confers power, and where a legislative act is attacked as unconstitutional the question to be determined is not whether the act is authorized by the constitution, but whether the act is prohibited by it.Leek, 217 Kan. at 795. Section 1 of article 2 of the Kansas constitution grants all legislative power to the house of representatives and the senate. Von Ruden v. Miller, 231 Kan. 1,11 (1982).
In The State v. Pauley, 83 Kan. 456 (1910), the Kansas Supreme Court reviewed the constitutionality of curative statutes authorizing county commissioners to levy taxes for the support of high schools. Pursuant to the Barnes law, Gen. Stat. 1909, sec. 7792 et seq., county commissioners were authorized to submit to electors a proposition permitting the levying of a tax on the taxable property within the counties for the purpose of creating a general high school fund. Gen. Stat. 1909, secs. 7792, 7801. The Barnes law became operative in any county where "a majority of the voters voting in any county . . . at such election" were for such adoption. Gen. Stat. 1909, secs. 7795, 7801; Humboldt v. Klein,79 Kan. 209, 211 (1908). The county commissioners for Marshall county, erroneously believing the Barnes law became operative after the general election of 1906 when "a majority of the votes cast upon the proposition were for its adoption, but not a majority of all the votes cast at the election," levied and collected taxes for high schools. Pauley, 83 Kan. at 459. Addressing the situation which had occurred, the legislature enacted in 1909 curative provisions authorizing the levy and collection of taxes in those counties which had conducted an election and because of misinterpretation of the statutory provisions believed the Barnes law was operative. Gen. Stat. 1909, sec. 7809. In determining that the curative provisions did not violate sections 16 and 17 of article 2, or section 4 of article 11 of the Kansas constitution, the court stated:
 "A curative act of the legislature may validate any action of the voters of a county or of its authorities which the legislature had power under the constitution to authorize in the first instance. (Shepherd v. Kansas City, 81 Kan. 369.) If the conditions are such as to warrant legislative action, and the statute is made to apply wherever the conditions exist, the constitution interposes no barrier to the passage of a curative act, provided the action validated thereby might have been previously authorized by the legislature." Pauley, 83 Kan. at 463.
Curative legislation, to be valid and constitutional, must meet two tests: (1) the legislature originally had the power to authorize the acts done or to confer the powers exercised; and (2) contracts are not impaired nor vested rights disturbed. State exrel. Tomasic v. Kansas City, Kansas Port Authority, 230 Kan. 404,423 (1981). The entire matter of taxation is legislative and does not exist apart from statute. Masson, Inc. v. County Assessor ofWyandotte County, 222 Kan. 581, 584 (1977); In re Appeal of NewsPublishing Co., 12 Kan. App. 2d 328, 332 (1987). The legislature possesses the authority to enact a countywide retailers' sales tax. We have not been provided sufficient facts to determine whether contracts or vested rights may be impaired.
The curative provisions addressed in Pauley were applicable uniformly to all counties, and therefore did not violate section17 of article 2 of the Kansas constitution. It is our understanding that the situation you present involves one county and the legislative action would be applicable to that county only. Curative legislation has long been recognized as a valid exercise of legislative power which is not special legislation in contravention of article 2, sec. 17. State ex rel. Tomasic,230 Kan. at 424. See Water District No. 1 v. Robb, 182 Kan. 2, 11-12
(1957). In any event, since its revision in 1974, article 2, sec. 17 no longer prohibits the enactment of special legislation, and the Kansas legislature has the authority to enact special legislation applicable to a single county without the legislation being subject to attack under the provisions of article 2, sec. 17 as special legislation. Ullrich v. Board of Thomas CountyCommissioners, 234 Kan. 782, 787 (1984). The constitution of the state of Kansas does not prohibit the legislature from enacting curative legislation the effect of which would ratify an election wherein voters authorized the levying of a countywide retailers' sales tax, provided the action does not impair contractual rights nor disturb vested rights.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm