# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1910.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER,      } JUSTICES.
HON. CHARLES B. GRAVES,
HON. ALFRED W. BENSON,

C. P. NASH *et al., Appellants,* v. THE CITY OF GLEN
ELDER, *Appellee.*

No. 16,801.

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Conferral of Legislative and Judicial Powers on County Boards—Extension of Corporate Boundaries.* Section 1172 of the General Statutes of 1901, empowering county boards to hear and determine the application of a city of the third class for permission to extend its city limits, is not open to the objection that it violates the constitution of the state by conferring upon county boards legislative and judicial powers.

2. ———— *Separation of the Powers of Government — Intrinsic or Incidental Powers.* The case of *Nash v. Glen Elder,* 74 Kan. 756, followed, and *held,* notwithstanding the power exercised by the county board in determining whether the proposed extension will cause manifest injury to individuals is so far judicial as to permit an appeal therefrom to the courts, it is not judicial power within the contemplation of the constitutional provisions for the separation of the powers of government.

'Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed January 8, 1910. Affirmed.

*F. T. Burnham,* and *George W. Dashiell,* for the appellants.

*Lutz & Jordan,* for the appellee; *Park B. Pulsifer,* of counsel.

The opinion of the court was delivered by

PORTER, J.: The city of Glen Elder, a city of the third class, presented an application to the board of county commissioners of Mitchell county, under section 1172 of the General Statutes of 1901, for authority to extend its city limits. The application came on for hearing February 23, 1905, and the order was granted. The appellants own land affected by the order, and appealed to the district court. The city filed a motion to dismiss the appeal, on the ground that section 1175 of the General Statutes of 1901, authorizing an appeal from such an order, is unconstitutional. The motion was sustained and the appellants brought proceedings in error to this court, where the judgment was reversed and the cause remanded for trial. (*Nash v. Glen Elder,* 74 Kan. 756.)

On the trial at the April, 1907, term of the district court the appellants moved to vacate the order of the county board, on the ground that section 1172 of the General Statutes of 1901, authorizing the board to make the order, is unconstitutional and void for the reason that it attempts to confer upon the board legislative and judicial functions so commingled as to violate the laws and constitution of the state. The court denied their motion, and, on the trial, judgment was rendered in favor of the city. The appellants bring the cause here for review.

The present contention that the statute (§ 1172) violates the constitution because it attempts to confer

upon the same body legislative and judicial functions can not be sustained. It lacks sufficient novelty to warrant extended comment or discussion. The question is one which on several occasions has received the careful consideration of the court, and has been determined adversely to the appellants' claim. Before referring briefly to these decisions, it may be observed that the appellants' 'whole contention appears to be largely bottomed on a misconception of what was decided at the former hearing. When the case was here before the question involved the validity of section 1175 of the General Statutes of 1901, authorizing an appeal from the order of the county board to the district court, the city contending that the action of the board was purely legislative and that no appeal therefrom would lie to the courts. We held, on the contrary, that the action of the board is judicial in its nature when it determines "whether the proposed change can be made without manifest injury to the persons owning real estate in the territory sought to be added" (*Nash v. Glen Elder*, 74 Kan. 756, 761), and that when the board finally determines that the proposed annexation shall be ordered it acts in a legislative capacity. It was therefore held that the appeal should not have been dismissed; that it was effective for the purpose of bringing up to the district court so much of the proceedings as were not legislative. The appellants assume that the decision goes to the extent of holding that the part of the proceedings for which an appeal is provided is the exercise of judicial power contemplated by the constitution. But, in the third paragraph of the syllabus, it was said that it "is judicial in its nature." The appellants insist, however, that if any part of the proceedings be so far judicial as to permit of an appeal to the courts it necessarily follows that the proceeding is the exercise of judicial power. To this we can not agree. The performance of an act may be judicial in its nature to the extent that an appeal will lie without being strictly and in-

Nash v. Glen Elder.

trinsically judicial in the sense contemplated by the
constitution in the separation of the powers of government.

It is no valid objection to an act of the legislature that
it confers upon the county board a power purely legis-
lative and at the same time confers upon that body the
power to perform some act which in its nature is ju-
dicial. The power to perform an act judicial in its
nature will not constitute the officer or corporate body
authorized to act a court in the sense that the courts are
one of the three branches of government. All the dis-
cussions of the subject by this court, as well as those
by other courts and writers on constitutional law, recog-
nize the impossibility of the absolute divorce of the
three fundamental powers of government. The Ameri-
can theory of government, state and federal, is that the
three branches of government shall be kept separate.
The judicial power—that is, the intrinsically judicial
power—may not be conferred upon that branch of gov-
ernment whose functions are intrinsically legislative;
nor may powers intrinsically legislative be conferred
upon the courts or upon the executive; nor may powers
intrinsically or essentially executive be conferred upon
either of the other branches of government. The con-
stitution itself, however, provides for the exercise of
exceptional powers partaking in their nature of the
functions of all three of the branches of government.
The courts, in prescribing rules for their future regula-
tion, act necessarily in a legislative capacity, but only
in an incidental way, for the purpose of preserving
their independence. The board of county commission-
ers, from the very nature of things, is required to exer-
cise powers partaking in part of the three functions of
government. Generally it acts in an executive, or ad-
ministrative, capacity, but at times its action is judicial
in nature; and, again, in many of the important affairs
of the county its functions are legislative.

In several states of the Union the legislatures in re-

cent years have created commissions for the control and regulation of public-service corporations and to serve as agencies of the state in other capacities. These commissions have been clothed with some powers which in their nature are not only legislative, but judicial and executive. The tendency of the courts, both state and federal, has been to uphold the legality of these agencies of the state and to recognize the necessity of some admixture of powers constituting an exception to the rule requiring the separation of the three fundamental branches of government. (*The State v. Railway Co.,* 76 Kan. 467, and cases cited.)

In *Winchester, &c., R. Co. v. Com'th,* 106 Va. 264, it was held that clothing a state corporation commission with limited legislative, judicial and executive powers is not in contravention of the bill of rights which in that state provides that "except as hereinafter provided, the legislative, executive and judiciary departments shall be separate and distinct." (Page 268.)

In the early case of *The State of Kansas v. Young and others,* 3 Kan. 445, construing section 27 of the organic act (Gen. Stat. 1901, § 62), vesting the judicial power of the territory exclusively in the supreme court, district courts, probate courts and justices of the peace, it was held that the administration of municipal ordinances is the exercise of a sort of judicial power, "but it is not part of the judicial power contemplated by the section referred to." (Page 448.)

Mr. Justice Johnston, in a concurring opinion in *In re Sims, Petitioner,* 54 Kan. 1, used this language:

"It is highly important to separate the legislative, judicial and executive functions, and that the officer of one department should not exercise the functions conferred upon another. Under our system, however, the absolute independence of the departments and the complete separation of the powers is impracticable, and was not intended." (Page 11.)

Again, the court, in *The State v. Railway Co.,* 76 Kan. 467, said: "Notwithstanding these well-estab-

lished maxims, the separation of the powers of government is complete only in theory." (Page 474.)

Much reliance is placed by the appellants on *The State v. Johnson*, 61 Kan. 803, where the act creating the court of visitation was declared unconstitutional. The act under consideration there was palpably an invasion of the constitution. It attempted to create a court and to confer upon it powers so essentially legislative and executive that in overturning it it was not deemed necessary to draw fine distinctions with respect to the separation of the powers of government. In the opinion, however, Mr. Justice Smith, speaking for the court, noted the difference between those powers which are intrinsically sovereign and the exceptional functions provided for by the constitution and necessarily incidental to the exercise of the sovereign powers confided to each department. In the opinion it was said:

"But conferring upon a single tribunal powers intrinsically judicial, intrinsically executive and intrinsically legislative has never been sanctioned by any court nor supported by any writer on the constitution." (Page 822.)

In the recent case of *The State v. Keener*, 78 Kan. 649, the court again recognized that the separation of powers contemplated by the constitution is, in the language of Mr. Justice Burch, speaking for the court, "subject to the limitations which have been found to be necessary and unavoidable in the practical working out of our scheme of government." (Page 653.) The syllabus in that case reads, in part, as follows:

"Although the police judge of a city of the second class exercises judicial functions, he is not a repository of judicial power in the sense of section 1 of article 3 of the constitution."

Our conclusion is that the statute in question is not open to the objection that it attempts to confer legislative and judicial powers on the county board in violation of the constitution.

We are unable to find any merit in the contentions of the appellants that prejudicial error was committed in overruling their objections to testimony. The objections are technical and trivial, and it is not deemed necessary to comment upon them.

The judgment is affirmed.