No. 23,009.

*In re* Appeal of C. P. BOLMAR from Order of County Commissioners, etc. (C. P. BOLMAR, *Appellant,.* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE et al., *Appellees.*)

SYLLABUS BY THE COURT.

APPEAL—*Order of County Commissioners Vacating Roads and Streets— Judicial Question Involved—Right of Appeal.* In an order made by the board of county commissioners vacating certain roads and streets in a platted subdivision, one of the questions determined and passed upon was whether any private rights would be injured or endangered by the vacation. *Held*, as this involved a judicial question it was error to dismiss the appeal from the county board.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 7, 1921. Reversed.

*Charles S. Briggs,* of Topeka, for the appellant; *W. R. Hazen,* of Topeka, of counsel.

*Tinkham Veale,* county attorney, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appeal presents the question whether the district court erred in dismissing an appeal by C. P. Bolmar from an order of the board of county commissioners of Shawnee county vacating certain streets in Belvoir addition.

The petition filed with the board of county commissioners was signed by the appellant and two other property owners. It recited that the streets "are not thoroughfares and are of no value to the public, and that no private rights will be injured or endangered by said vacation and that the public will suffer no loss or inconvenience thereby." The Chicago, Rock Island & Pacific Railway Company filed an intervening petition, stating that it had purchased from Fred J. Ross, one of the petitioners, eight blocks in the subdivision and desired to join in and be made a party to the proceedings. Subsequently Mr. Bolmar filed a protest objecting to the vacation, and attempted to withdraw his name from the petition, alleging that "the vacation of such road would materially damage me as the owner of land abutting upon such road, and for the further reason that conditions which existed at the time I signed such petition have not been performed, and I have no assurance that the same will be completed." The board proceeded with the hearing of testimony for and against the petition, and having inspected the premises, found that legal notice had been given by publication and "that no private rights will be injured or endangered by the vacation . . . and that the public will suffer no loss or inconvenience, but will be greatly benefited," granted the petition.

The district court sustained defendants' motion to dismiss the appeal on the ground that it had no jurisdiction, because the matter appealed from involved no judicial question. It is stated in the brief of the appellant that the matters referred to in his protest against the petition were that the railway company had tentatively agreed to buy his land, but had purchased land of other owners and had left him out. The statute gives to any person who shall be aggrieved by any decision of the board of county commissioners the right to appeal from the

Bolmar v. Shawnee County.

decision to the district court.     (Gen. Stat. 1915, § 2568.)
One of the questions presented and passed upon by the board
of county commissioners was whether any private rights would
be injured or endangered by the vacation.     This involved a
judicial question.

In *Callen v. Junction City*, 43 Kan. 627, 23 Pac. 652, it was
held that findings of fact made by a judge of the district court
under the provisions of section 1, chapter 69, Laws of 1886, as
to the advisability of extending the corporate limits of a city
and to the effect that such extension would result in no mani-
fest injury to the owners of land included within the extension
was the exercise of judicial power.     To the same effect is
*Huling v. The City of Topeka*, 44 Kan. 577, 579, 24 Pac. 1110.
Whether the conditions which the legislature had in mind ex-
isted was. a judicial question to be determined in the first
instance by the board of county commissioners, as it was said
in *Hutchinson v. Leimbach*, 68 Kan. 37, 74 Pac. 598, "the
judicial determination merely establishing that the legislative
enactment applied to his property."     (p. 45.     See, also, *The
State v. Railway Co.*, 76 Kan. 467, 484, 485, 92 Pac. 606, and
cases cited in the opinion.)

In *Nash v. Glen Elder*, 74 Kan. 756, 88 Pac. 62, followed in
*Nash v. Glen Elder*, 81 Kan. 446, 106 Pac. 292, it was held that
an. act which provided for an appeal from the order of the
board of county commissioners enlarging corporate boundaries
was to be construed as authorizing the review of only so much
of the action of the board as was judicial in its nature—that
is, to the extent of enabling persons aggrieved to carry to the
district court the question whether manifest injury would be
done to their property by the proposed change and "if an
affirmative answer is given to have the order set aside as
having been made without authority."     (Syl. ¶ 3.)     In the
opinion it was said:

"The county board in the exercise of its original jurisdiction has at
least two questions to determine when a proper petition is presented:
(1) Whether the proposed change can be made without manifest injury
to the persons owning real estate in the territory sought to be added; (2)
if so, whether the annexation shall be ordered.     The first determination
is judicial; the second legislative.     The first may be made reviewable
by a court, although the second cannot."     (p. 761.)

The judgment will be reversed and the cause remanded with
directions to overrule the motion to dismiss the appeal.