Town of Olsburg v. Pottawatomie County.

No. 24,455.

*In re,* The Incorporation of the Town of Olsburg, Blue Valley Township, Pottawatomie County et al., *Appellants,* v. The Board of County Commissioners of the County of Pottawatomie et al., *Appellees.*

### SYLLABUS BY THE COURT.

An appeal lies from the judicial questions involved in a proceeding before a board of county commissioners for the incorporation of a city of the third class.

Appeal from Pottawatomie district court; Robert C. Heizer, judge. Opinion filed May 12, 1923. Reversed.

*Alvin R. Springer,* and *Walter Reed Gage,* both of Manhattan, for the appellants.

*C. B. Griffith,* attorney-general, *E. S. Francis,* county attorney, *H. L. Hart,* and *E. C. Brookens,* both of Westmoreland, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from a judgment of the district court of Pottawatomie county dismissing an appeal by interested taxpayers from an order of the board of county commissioners incorporating the town of Olsburg in that county. The sole question in the case is whether or not an appeal lies from an order of the county commissioners incorporating a city of the third class. All other questions have been eliminated by agreement of the parties.

Primarily, the power to create municipal corporations is a legislative power, and its exercise a legislative function, which the legislature may accomplish by special act or by general law. In the absence of constitutional restrictions the legislative branch of the government may create municipal corporations by special act, as many cities in this state were organized by our territorial legislature. By our state constitution it is provided that the legislature shall pass no special act conferring corporate powers (Art. 12, § 1), and also, "provision shall be made by general law for the organization of cities, towns and villages." (Art. 12, § 5.) Following the adoption of our constitution the legislature did provide by general law for the organization of cities of the third class. In accordance with this constitutional provision the legislature provided by chapter 108, of the General Statutes of 1868 for the incorporation of

towns and villages, and by chapter 26 of the Laws of 1869 provision was made for the organization and government of cities of the third class. It will be noted that these statutes provided that the hearing to determine whether or not the facts existed to justify the order incorporating the city or town was before the probate court. By chapter 60 of the Laws of 1871, and by chapter 102 of the Laws of 1872, these were so amended as to make the hearing before the judge of the district court. These were amended by chapter 66 of the Laws of 1886 making the hearing before the board of county commissioners, and that statute, as amended by chapter 123 of the Laws of 1905, is our present statute on the subject. (Gen. Stat. 1915, § 1874.) All of these statutes provide that before a city can be incorporated, the tribunal, or body conducting the hearing upon the matter, must determine, first, the number of inhabitants in the territory proposed to be incorporated; second, that the petition for incorporation has been signed by a majority of the electors; third, that a majority of the taxable inhabitants favor incorporation; fourth, that the prayer of the petitioners is reasonable.

Generally speaking, it may be said that it is the function of the legislative branch of the government to determine what is reasonable, desirable, or for the best interest, and to enact a rule or pass a law concerning those matters; and, generally speaking, it is a judicial function to determine whether or not certain facts establish a situation which brings the parties within the law, and to interpret the law, if need be. Applying these general principles it will be noted that, in the matters to be passed upon by the board of county commissioners for the incorporation of a city, the determination of whether the prayer of the petitioners is reasonable is a legislative function and is conferred absolutely upon the board of county commissioners. The other three questions above noted are essentially judicial in character. Section 1 of article 3 of the constitution provides that the judicial powers of the state shall be vested in a supreme court, district courts, probate courts, justices of the peace and such other courts inferior to the supreme court as may be provided by law. There is nothing inherently wrong in our legislature conferring upon the board of county commissioners, as a court provided by law inferior to the supreme court, the determination of judicial questions, hence our present statute for incorporating cities of the third class is not invalid for the reason that the county com-

missioners are required to pass upon some judicial questions. (*Nash v. Glen Elder*, 81 Kan. 446, 106 Pac. 292.)

In 28 Cyc. 137, it is said:

"A legislature cannot delegate the power of legislation to the judicial or executive departments, but it may delegate the power to determine some fact or state of things upon which it makes or intends to make its own action depend. It follows that the power to create municipal corporations cannot be delegated to the courts or other bodies, but the legislature may, and frequently does, confer upon the courts or upon some officer or board, the power and duty to perform judicial or ministerial acts in the formation of municipal corporations or to determine the existence of conditions prescribed by the statute as a prerequisite to the corporation."

To the same effect is 1 Dillon on Municipal Corporations, 5th ed., § 62.

The head note in *Forsyth v. Hammond*, 166 U. S. 506, 41 L. Ed. 1095, reads as follows:

"The validity of proceedings under a statute for the annexation of territory to a city is a question of a judicial nature, and not a matter solely of legislative cognizance."

It is well settled in this state that questions purely judicial in their nature arising under general laws, pertaining to the incorporation of cities, or to the increase or decrease of city boundaries, are properly determinable in our courts, and especially so if the questions, not judicial, pertaining to such matters, are left to some body, as the mayor and council of the city, or board of county commissioners, having legislative and administrative powers. (*Kirkpatrick v. The State*, 5 Kan. 673; *Mendenhall v. Burton*, 42 Kan. 570, 22 Pac. 558; *Callen v. Junction City*, 43 Kan. 627, 23 Pac. 652; *Huling v. The City of Topeka*, 44 Kan. 577, 24 Pac. 1110; *Hurla v. Kansas City*, 46 Kan. 738, 27 Pac. 143; *City of Emporia v. Randolph*, 56 Kan. 117, 42 Pac. 376; *The City of Winfield v. Lynn*, 60 Kan. 859, 57 Pac. 549; *Hutchinson v. Leimbach*, 68 Kan. 37, 74 Pac. 598; *Bull v. Kelley*, 83 Kan. 597, 112 Pac. 133; *The State, ex rel., v. City of Hutchinson*, 102 Kan. 325, 169 Pac. 1140.)

In *Nash v. Glen Elder*, 74 Kan. 756, 88 Pac. 62, an appeal was taken from an order of the board of county commissioners enlarging the limits of a city of the third class, and under a statute which specifically authorizes an appeal from such an order by anyone who considered himself aggrieved. The district court dismissed the appeal, holding this section of the statute void as attempting to authorize an appeal from legislative functions of the board. This

court, in passing on the question, held that the county commissioners had two questions to determine, first, whether the proposed change could be made without manifest injury to the person owning real estate in the territory sought to be added, and second, whether the annexation should be ordered. The first of these was held to be judicial and the second legislative. The specific statute authorizing an appeal was held valid as an appeal from the judicial question only, but not valid as an appeal from the legislative question.

In *Bolmar v. Shawnee County*, 109 Kan. 91, 197 Pac. 880, an appeal was taken under section 2568 of the General Statutes of 1915, from an order of the board of county commissioners vacating certain roads and streets in a platted subdivision as provided in section 813, General Statutes of 1915. The district court dismissed the appeal for want of jurisdiction. This court reversed that order for the reason that one of the questions determined and passed upon by the county commissioners was whether any private rights would be injured or endangered by the vacation. This was held to be a judicial question.

Appellee cites and relies upon *The State, ex rel., v. Holcomb*, 95 Kan. 660, 149 Pac. 684, where it was said that no provision is made to review the action of the board of county commissioners in organizing a city of the third class. That was a quo warranto proceeding in which the question of appeal was not involved, and what was there said pertains to an appeal from the action of the county commissioners in its entirety. That, of course, cannot be done, for, as it is pointed out in the opinion, some of the questions are judicial, some legislative, administrative, ministerial or political, and in the proceeding then before the court they could not be divided. So, the case is not controlling here.

In 15 C. J. 473 it was said:

"Appeals from the decisions of county boards are not a matter of right and are allowable only in cases provided for by statute. In the absence of statutory authorization of some character, no appeal can be taken to a judicial tribunal from the decisions and orders of county boards, but in most jurisdictions express statutory provision is made for the taking of appeals from such decisions and orders where they are final, judicial in their character, and are made in regard to matters affecting the rights of an individual as distinguished from the public."

Our statute concerning the powers of boards of county commissioners (Gen. Stat. 1915, § 2549), after enumerating many, says, "Eleventh, To perform such other duties as are or may be pre-

scribed by law," and section 1874 prescribes the power to incorporate cities of the third class. The general provision for appeal from the board of county commissioners (Gen. Stat. 1915, § 2568), reads as follows:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

From what has been said, it necessarily follows that in the proceedings to incorporate a city of the third class before the board of county commissioners, certain judicial questions are involved and we have a statute authorizing appeal to the district court. But, as above suggested, the appeal will be limited to a determination of the judicial question.

The judgment of the court below dismissing the appeal will be reversed with directions for the court to hear the evidence and determine, first, whether the petition for incorporation has been signed by a majority of the electors in the proposed city; second, whether the number of inhabitants exceeds two hundred and does not exceed two thousand; and third, whether a majority of the taxable inhabitants are in favor of such incorporation.