No. 25,665.

In the Matter of the Incorporation of the Town of Olsburg, in Pottawatomie County; J. W. LAUCK et al., *Appellants,* v. OSCAR FAGERBERG et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Incorporation—Sufficiency of Petition.* In a hearing upon the sufficiency of a petition for the incorporation of a city of the third class, the evidence is examined and found to support the court's finding, (1) that the total number of inhabitants was not over 200, and (2) that a majority of the taxable inhabitants were not in favor of incorporation.

2. NEW TRIAL—*Newly Discovered Evidence—Diligence in Producing—Probable Effect.* There is no error in overruling a motion for a new trial on the ground of newly discovered evidence, where the evidence was available previous to the trial and no diligence was shown to produce it at that time, and especially is this true when such newly offered evidence could not change the result of the trial.

3. ESTOPPEL—*Acts Constituting—Prejudice.* Ordinarily a party is not estopped by an act of his which does not mislead his adversary so as to cause him to act to his prejudice.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed May 9, 1925. Affirmed.

*E. C. Brookens, E. S. Francis, H. L. Hart,* all of Westmoreland, and *A. E. Crane,* of Topeka, for the appellants.

*In re* Town of Olsburg.

*Alvin R. Springer,* and *Walter Reed Gage,* both of Manhattan, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a judgment of the district court holding petitions, presented to the county commissioners for the incorporation of the city of Olsburg, to be insufficient.

When this case was in this court before (113 Kan. 501, 215 Pac. 451) it was sent back to the district court with directions for the court to hear the evidence and determine, first, whether the petition for incorporation had been signed by a majority of the electors of the proposed city; second, whether the number of inhabitants exceeds 200 and does not exceed 2,000; and, third, whether a majority of the taxable inhabitants are in favor of such incorporation.

The case came on for hearing upon those issues in the district court in October, 1923. At that hearing it was conceded in open court that the petition for incorporation had been signed by a majority of the electors of the proposed city, and that question is no longer in the case. The other two questions were controverted. Upon the hearing, the court made findings of fact and among other things found "that at the time of the filing of said petition and making the order thereon for the incorporation of the town of Olsburg as a city of the third class there were not within the boundaries of said proposed incorporation over 200 inhabitants." The correctness of that finding is challenged, and it turns on whether three minor children whose parents, or surviving parents, lived at some other place, and who were staying at Olsburg with friends or relatives and attending school, should be regarded as inhabitants. The court held they should not be so regarded. A person is an inhabitant of the place where he resides. (*Ewing v. Mallison,* 65 Kan. 484, 490, 70 Pac. 369.) Ordinarily a minor child has no place of residence apart from that of his or her parents. (*Hart v. Horn,* 4 Kan. 232; *Modern Woodmen v. Hester,* 66 Kan. 129, 71 Pac. 279; *In re* McCoun, 96 Kan. 314, 150 Pac. 516.) There was no showing in this case to change that rule, hence the finding of the court on that question is correct.

The question whether a majority of the taxable inhabitants of the proposed city of Olsburg were in favor of incorporation was contested. The court found there were 84 taxable inhabitants of the proposed city, that 44 of such taxable inhabitants were un-

favorable to the incorporation, that 37 were in favor of it, and that there was no expression from three. No serious complaint is made of the finding of the court upon this question from the evidence produced at the trial. From these findings the court concluded, as a matter of law, that the petition for the incorporation of the city was insufficient and should be denied.

Upon a motion for a new trial filed by those favorable to the incorporation they offered evidence tending to show that the number of taxable inhabitants was greater than the number found by the court, and those additional persons, whom it was claimed were taxable inhabitants, were favorable to the incorporation. The court overruled that motion for a new trial, and those favorable to the incorporation have appealed and complain of that ruling. No diligence was shown to obtain and produce at the trial this evidence that was offered on the motion for a new trial, though the specific issues to be heard by the court were known for months before the hearing.

Upon the hearing of the case, the list of taxable inhabitants had been taken from the records of the county clerk, had evidently been checked by the parties, and was treated and regarded as being correct, and no effort was then made to show that there were other taxable inhabitants than those shown by the list. The evidence offered on the motion for a new trial was not newly discovered evidence, in the proper sense. The parties had gone to trial upon the evidence which they thought governed the matter, and having been defeated on that, now contend that some other rule for determining taxable inhabitants should have been used. In substance, the rule now sought to be used by appellants is that inhabitants of the towns subject to taxation should be counted, whether in fact they had been assessed and paid taxes or not. Without determining which theory is correct, ordinarily a person may not try a case upon one theory and after losing, mend his hold by changing to some other theory and have a new trial granted by reason of evidence offered in support of that.

Appellants argue that, considering the evidence offered on the hearing of the motion for a new trial, a majority of the taxable inhabitants had petitioned, but that does not necessarily follow, for if the court adopted on a new trial the theory suggested by appellants it would mean a reëxamination of the entire list of inhabitants, which might disclose persons opposed to the incorporation

within the same class, so far as taxable inhabitants are concerned, more in number than the evidence on the motion for a new trial disclosed to be in favor of it.

Again, if the number of taxable inhabitants favorable to incorporation were shown to be sufficient, there could be no incorporation if the number of inhabitants within the proposed city were less than 200; hence, the showing on the question of taxable inhabitants could not change the ultimate result. There was no error in overruling the motion for a new trial for that reason.

Appellants contend that those opposing the incorporation were estopped from further opposing it by their conduct. On June 7, 1921, when the petition was considered by the county commissioners, the petition for incorporation was sustained, and thereafter the first election was held and proceedings had for the incorporation of the city. Those opposing the incorporation took no part in that, but appealed from the board of county commissioners to the district court. This appeal was dismissed by the district court for the want of jurisdiction. From this order there was an appeal to this court, which was reversed. (113 Kan. 501, 215 Pac. 451.)

At the city election in the proposed city of Olsburg in April, 1923, these persons opposing the incorporation did participate in the city election, and included in the taxes upon their property for the year 1922 were city taxes levied by the city of Olsburg, which they paid. It is contended by appellants that the payment of such taxes and the taking part in the city election in April, 1923, estopped the persons opposed to incorporation from further contesting the matter. We think it had no such effect. Certainly their action did not mislead persons favorable to the incorporation to the extent that it caused them to do anything they would not otherwise have done to their injury. Perhaps they could have brought other suits directed at the city officers or county officers pertaining to the matter, but they had an action in court which was being prosecuted by them with diligence, and their actions in the matters referred to in no way damaged or embarrassed those seeking incorporation.

Finding no error in the case, the judgment of the court below is affirmed.