No. 35,268

CHARLES E. BERGSTEN, *Appellee*, v. EDGAR C. ERICKSON and HANNAH C. ERICKSON, *Appellants.*

(118 P. 2d 610)

Opinion filed November 8, 1941.

*George D. Rathbun,* of Manhattan, for the appellants.

*E. C. Brbokens* and *John W. Brookens,* both of Westmoreland, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action by a purchaser of real estate to rescind the contract of purchase and to recover $2,000 down payment on the purchase price of the real estate when the sellers were unable to convey it by a good and sufficient warranty deed. Judgment was for the plaintiff. Defendants appeal.

The petition filed March 1, 1940, alleged that about September 15, 1930, defendants contracted to sell the real estate in question to plaintiff for $3,000; that this amount was to be paid as follows: $2,000 in cash, which plaintiff paid to defendants on that date, and $1,000 to be paid March 1, 1931; and that defendants agreed to furnish plaintiff a good and sufficient warranty deed, and that it

was also agreed that the defendants should retain possession until March 1, 1931, at which time possession should be delivered to plaintiff; that on March 1, 1931, plaintiff was ready to complete the contract, but that defendants failed to furnish plaintiff a good and sufficient warranty deed and plaintiff was put into possession of the property March 1, 1931, and remained in possession of it until December 1, 1939, when he surrendered possession to the defendants.

The petition further alleged that on October 30, 1939, he served a written notice on defendants that he demanded performance of the contract by them and that if they failed to perform he would yield possession to defendants; that plaintiff was ready and willing to pay the balance of the contract price and complete the contract, but defendants had failed to deliver a warranty deed to the property on or before December 1, 1939, and plaintiff thereupon surrendered the property to the defendants.

The petition further alleged that in the notice served on defendants plaintiff stated that if they failed to furnish a warranty deed as demanded by December 1, 1939, he would elect to recover back the $2,000 paid by him to defendants and that by the failure of defendants to carry out their contract they were indebted to plaintiff in the amount of $2,000.

Judgment was asked in that amount.

The defendants demurred to this petition on the ground that it did not state a cause of action. This demurrer was overruled.

The answer admitted all the allegations of the petition except the allegation that plaintiff delivered possession to defendants on December 1, 1939, or any other time. This allegation the answer denied.

The answer further alleged that any cause of action which plaintiff had against defendants accrued March 1, 1931, and that more than eight years had elapsed after the accrual of the cause of action before its commencement and it was barred by the statute of limitations.

The answer further alleged that the fact that the plaintiff entered into possession of the real estate on March 1, 1931, and appropriated to his own use all the rental value of it until December, 1939, knowing at such time that the defendants had not fulfilled their part of the contract, estopped him from rescinding it.

In the reply plaintiff alleged that when he went into possession of the property March 1, 1931, the defendants assured him that they

would give him the warranty deed, as provided, but that they failed to do so, and that thereafter on several occasions he requested them to comply with their agreement and they assured plaintiff that the deed would be executed, and by reason of the fact that plaintiff was in possession of the premises and enjoying the use and benefits thereof he did not bring action to enforce his rights under this contract, but relied upon the representations of defendants that they would in due time execute and deliver to him a warranty deed, and that defendants at no time repudiated this contract or denied liability to plaintiff and plaintiff believed they were acting in good faith.

When the case came on to be tried the parties stipulated that the contract was executed September 15, 1930, and the $2,000 paid to defendants by plaintiff at that time; that on March 1, 1931, possession of the real estate was given to plaintiff, but no deed was executed at that time nor was the balance of the consideration under the contract paid; that at the time the contract was made defendants were indebted by notes and mortgages upon a large tract of land, which included the land in question, and the defendants had been unable to remove that mortgage from the land involved in this contract and this was the reason the deed was not made and the balance of the consideration paid on March 1, 1931; that plaintiff was at all times ready, willing and able to carry out the terms of the contract, but his failure to carry it out had been due to the fact that defendants could not give title; that plaintiff was in possession of the property until December 1, 1939, and no rentals were at any time requested by defendants and none were paid by plaintiff and no interest on the $2,000 payment was requested by plaintiff or paid by defendants; that the mortgages upon the larger tract of land were foreclosed by the owners thereof, judgment being rendered on October 15, 1932; that the sale following the foreclosure was made on March 19, 1934, to the mortgagee. The period of redemption expired on March 5, 1936, at which time title was conveyed by sheriff's deed to the mortgagee. After the period of redemption expired and the execution of the sheriff's deed the defendants became tenants of the owner of the lands under lease contracts and paid cash rent for the pasture land and improvements and farmed the tillable lands, paying grain rent therefor, and occupied the premises as tenants until March 1, 1940; during all the time defendants occupied this farm as tenants of the mortgagee the plaintiff was in

exclusive possession of the tract we have under consideration here, which consisted entirely of pasture land, and his occupancy thereof was with full knowledge and consent of the defendants and they at no time were in possession of it nor did they demand any possession thereof; that plaintiff in this action was not a defendant in the foreclosure action; that defendants paid no taxes on the land described in this action after the date of the execution of the contract and the plaintiff paid no taxes thereon during the occupancy of it. The defendants at no time made an offer to plaintiff of a deed to the tract of land and at no time offered to repay to plaintiff the $2,000 paid to them when the contract was executed October 15, 1930, and no part of this $2,000 has ever been paid to plaintiff; that the plaintiff served upon defendants on the 30th day of October, 1939, the notice as set out in the petition; that the defendants had been successful farmers before the depression and expected to be able to pay off enough of the mortgages to secure releases as to the land we are considering in this case, but reverses, partly due to the failure of the banks, prevented defendants from securing these releases. After the foreclosure of the mortgages and the sale of the lands defendants expected to be able to redeem and in some way secure a clear title to the land described in the contract and after the title was conveyed by sheriff's deed they did not negotiate with the mortgagee in an effort to repurchase the land described in this contract and thereby enable themselves to carry out the terms of the contract.

In addition to the above stipulation the plaintiff took the stand and testified that defendants told him there was no mortgage against the land at the time he made the contract and paid the $2,000; that after the mortgage was foreclosed defendants told him they would be able to give a deed and finish the contract; that sometime about in 1935 defendants told him they thought they would be able to go through with the contract. After hearing this evidence the court found generally for the plaintiff and gave a judgment for $2,000, with interest, from December 5, 1939, which was the date when he notified defendants of his intention to rescind and bring this action.

Defendants argue first that the cause of action was barred by the statute of limitations. They point out that the $2,000 was paid on September 15, 1931, while the action to collect it was started March 1, 1939, nearly ten years thereafter. They concede that plaintiff brought the action within the statutory time after the notice to rescind was served, but argue that he could not wait so long before

serving that notice. They rely on the rule laid down by this court in *Causemaker v. DeRoo,* 153 Kan. 648, 113 P. 2d 85, to the effect that a creditor cannot indefinitely postpone the accrual of a cause of action by delay in taking some action he was bound to take.

The whole matter of when notice of intention to rescind must be served is one of diligence. (See *Turner v. Jarboe,* 151 Kan. 587, 100 P. 2d 675.) It was stipulated that the defendants expected even after the foreclosure of the mortgage and its sale thereunder to be able to redeem the large tract from the sale and in some way secure a clear title to the land in question so that they could perform the contract. The undisputed evidence is to the effect that they so advised the plaintiff. Under such circumstances it was a matter of fact as to whether the plaintiff was diligent in waiting so long before he served notice of his intention to rescind. (See *Read v. Loftus,* 82 Kan. 485, 108 Pac. 850, also 66 C. J. 1495.)

The trial court found as a matter of fact by the general finding in favor of the plaintiff that there had been no want of diligence.

Defendants argue that plaintiff by entering into possession of the land in question in 1931 and remaining in possession of it until 1939 is estopped from rescinding the contract and bringing this action for the down payment. The statement just made in this opinion with reference to the argument of defendants as to the delay of plaintiff in bringing the action is a sufficient answer to this argument. The whole matter of delay is chargeable to the conduct of defendants, who apparently only relinquished the expectancy of being able to convey this land to plaintiff by a good warranty deed a short time before this action was brought. There was nothing in the conduct of plaintiff upon which defendants relied to their disadvantage. That is necessary before the conduct of a party will be held to operate as an estoppel. (See *In re Town of Olsburg,* 118 Kan. 440, 235 Pac. 845.)

Defendants argue that by remaining in possession of the land so long and thus getting eight years' use of the land without paying rent or taxes plaintiff is estopped from rescinding. As a matter of fact, while plaintiff did occupy this land all these years without paying rent or taxes, he also was without interest on his $2,000 for the same length of time. The two items balance each other fairly well. Moreover, the whole delay was brought about by the failure of defendants to deliver the deed as they had agreed to do.

The judgment of the trial court is affirmed.