No. 35,729

THE BROADVIEW OIL COMPANY, *Appellant*, v. H. E. LIVENGOOD and RUTH E. LIVENGOOD, His Wife, *Appellees;* THE VICKERS PETROLEUM COMPANY OF DELAWARE, *Defendant.*

(134 P. 2d 378)

Opinion filed March 6, 1943.

*George B. Collins,* of Wichita, argued the cause, and *William F. Pielsticker, John J. O'Shaughnessy* and *C. L. Williams,* all of Wichita, were on the briefs for the appellant.

*D. A. Hindman,* of Stockton, argued the cause, and *G. A. Milani,* of Centerville, Iowa, was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to compel the conveyance of a royalty interest in oil and gas. Judgment was for the defendants. Plaintiff appeals.

After the formal allegations, the petition alleged that on or about December 9, 1939, defendant, H. E. Livengood, executed a written instrument to the plaintiff, by which he agreed to convey to plaintiff an undivided one-eighth of a one-eighth royalty interest in a described 240 acres of land in Rooks county and that it was further agreed that the consideration for this conveyance was the drilling of three additional test wells on one quarter section of this land and that the conveyance should be made upon the commencement of a third test well on this quarter section during 1941. The petition further alleged that the plaintiff had complied with the provisions of the contract and that the defendants had tendered it a royalty deed conveying one-sixty-fourth of the one-eighth royalty interest and that this conveyance did not conform to the intention of the parties because it should have been a one-eighth of the one-eighth

royalty interest and that plaintiff had requested defendants to convey the proper interest to it and offered to return the royalty deed by which the one-sixty-fourth of the one-eighth interest was conveyed, and prayed that the defendants be required to convey to plaintiff a one-eighth of a one-eighth royalty interest or an alternative that the decree of the court should stand as a conveyance of such interest. There was a further allegation as to certain money which had been paid to The Vickers Petroleum Company and which it was holding until it should be ordered to pay it to one or the other of these parties.

The petition prayed that the defendants be ordered to convey the undivided one-eighth of the one-eighth royalty interest in the lands described; that the Vickers Petroleum Company be required to pay into the court the money which it held and that the defendants be required to account for the proceeds from the sale of oil from the one-eighth of the one-eighth royalty interest. The defendants filed an answer, certain parts of which were stricken on motion of the plaintiff. As it stood with these parts stricken, the answer of the Livengoods alleged that they were the owners of the surface rights and an undivided three-fourths interest in oil and mineral rights in the land in question; that on January 20, 1938, they had given the plaintiff an oil and gas lease on the land in question and the plaintiff had sold an undivided interest in this lease to certain associates; that on the 9th of December, 1939, an action was pending in the district court of Rooks county, wherein the defendants were plaintiffs and the plaintiff in this action was defendant, in which action it was prayed that this oil and gas lease be canceled for failure of the oil company to pay delay rentals, drill proper offsets and otherwise properly develop the lease; that on December 9, 1939, the Livengoods had agreed to an adjustment of this litigation and other matters pertaining thereto; that this agreement was reduced to writing in two instruments, one being the contract which the plaintiff had attached to the petition, marked exhibit "B" and upon which this action was based, and bearing the signature of H. E. Livengood, and the other the contract marked exhibit "A" and which was attached to the answer; that the defendants signed both of these instruments and they were delivered to the agent of plaintiff with the understanding that he submit them to the officials of plaintiff and obtain their signatures thereon; that the plaintiff did not execute or return the instrument designated as a contract and did not comply

with its terms; that on the 12th day of April, 1940, the parties again met, at which time a contract was agreed upon for a settlement of the litigation and that this contract was fully executed and had been complied with and a copy of it was attached to the answer; that the royalty deed, a copy of which was attached to plaintiff's petition, and which was executed on August 16, 1940, was delivered by Livengood to plaintiff under the belief he was legally bound to do so and was not tendered in connection with the letter dated December 9, 1939; that the letter dated December 9, 1939, was a part of the whole agreement arrived at by the parties; that the plaintiff failed to execute said agreement or any part of it or to comply with its terms.

The answer alleged that the Vickers Petroleum Company had impounded funds in its hands for which it should account to the proper party. The answer prayed that the plaintiff have no recovery and that the court make whatever orders were necessary pertaining to the impounding of the money.

For a cross petition the Livengoods alleged that an agreement made on the 10th of October, 1938, and a royalty deed executed by them, dated August 16, 1940, were null and void because the defendants had received no consideration in connection with the agreement for the deed; that the royalty deed had never been recorded or listed for taxation and was void under G. S. 1935, 79-420; that the defendants were in the quiet, peaceable possession of the property and the purported agreement should be canceled.

The Vickers Petroleum Company answered that it was holding the impounded money subject to the order of the court.

For a reply the plaintiff filed a general denial to the answer of the defendants and alleged further that the Livengoods should not be permitted to say that no consideration was received by defendants for their agreement to deliver the royalty rights involved herein or that they were not thus obligated to execute and deliver the same to plaintiff for the reason that defendants were estopped to do so by their own actions and conduct in permitting the plaintiff to drill three oil wells on the premises in reliance upon defendants' agreement without objection or complaint and that defendants should not now be permitted to change their position after plaintiff has changed its position in reliance upon defendants' position which would result in injury to this plaintiff. The plaintiff prays judgment herein according to the terms of its petition.

It should be noted at the outset that plaintiff placed its right to recover upon an instrument which it alleged that defendants had executed on December 9, 1939. The evidence in the case covers various other written instruments and oral conversations. It should also be noted that the defendants had given the plaintiff oil company an oil and gas lease upon the land in question in the regular form, that is, it provided that the lessors, the defendants in this case, should receive an eighth royalty of one-eighth of the oil and gas produced and the lessee, the plaintiff in this case, should receive seven-eighths of the oil and gas produced. In its inception the dispute between the plaintiff and defendants was whether by the promise on December 9, 1939, the defendants had agreed to give the plaintiff in addition to the seven-eighths already provided for in the lease an additional one-eighth of the one-eighth or a sixty-fourth of their one-eighth. Defendants did give plaintiff a conveyance of one-sixty-fourth of an eighth and this was tendered into court by plaintiff, as disclosed by the pleadings.

The final judgment of the court in addition to denying the relief asked by plaintiff was that this conveyance of one-sixty-fourth of an eighth should be canceled.

Trial was had to the court without a jury. The court made findings of fact and conclusions of law. These were generally in favor of the defendants and judgment was entered accordingly.

The court found amongst other things that a dispute arose between defendants and plaintiff as to whether the contemplated gift was one-eighth of the one-eighth royalty, or a one-sixty-fourth of the one-eighth royalty, also that the contract of December 9, 1939, was never signed by the officials of the plaintiff and the terms of the letter of the same date were never approved by the officials of the plaintiff and that no well was commenced on the land in question before January 15, 1940, as provided by the terms of the contract.

In conclusion, the court found that the plaintiff had failed to prove by a preponderance of the evidence that there was any meeting of the minds as to the exact amount of mineral interests the defendants were to give the plaintiff.

The plaintiff in effect by its argument in this court asks us to examine all of the facts and circumstances, including several instruments, and considerable oral testimony and to make a different conclusion as to the facts than the court reached above.

It is so well settled as not to require citation of authority that

where there is substantial evidence to support findings of fact they will not be disturbed by this court on appeal. See *Nealey v. Wyandotte Elevator Co.,* 123 Kan. 189, 223 Pac. 317; *Heyen v. Garton,* 129 Kan. 453, 238 Pac. 636; and *Sledd v. Munsell,* 149 Kan. 110, 80 P. 2d 567.

We do not deem it necessary to set out the evidence in detail here. Suffice it to say there is substantial evidence to justify the court in making the findings to the effect that there had not been any meeting of the minds as to what interest was to be conveyed to plaintiff by defendants.

The rule is stated in 17 C. J. S. 359, § 31, as follows:

"A common intention, a meeting of the minds, on all the terms thereof, is essential to an agreement; and no portion of the terms may be left unsettled."

There remains to be considered that portion of the judgment of the trial court which set aside the royalty agreement executed by the Livengoods on October 10, 1938, and the royalty deed executed by the Livengoods on August 16, 1940. These two instruments had to do with a one-sixty-fourth of a one-eighth royalty.

Shortly after the first negotiations between the parties to this action on October 10, 1938, the defendants executed and delivered to plaintiff an instrument providing they would execute a royalty deed for a one-sixty-fourth of the royalty interest covering the land in question when plaintiff had completed a certain well.

On August 16, 1940, defendants executed and sent to plaintiff a royalty deed for a one-sixty-fourth of the one-eighth royalty interest in the land in question. This deed is the basis for the argument made by the plaintiff in this court that the court erred in setting aside this conveyance of August 16, 1940.

The trial court found that this royalty deed was executed and sent to plaintiff because defendants thought they were obligated to convey one-sixty-fourth of a one-eighth royalty interest on account of the instrument dated October 10, 1938, and that it was not delivered under or intended to be in fulfillment of the terms of the letter dated December 9, 1939. The trial court found further that this deed was never accepted by the plaintiff and was returned and surrendéd in court at the time of the trial of the case.

It should be noted that the plaintiff based its action on the alleged contract of December 9, 1939. The petition alleged the giving of the deed of August 16, 1940, and alleged that this deed did not comply with that contract. The defendants filed a cross petition

wherein they asked that the conveyance of August 16 should be set aside because defendants received no consideration for it.

The trial court found that plaintiff did nothing in reliance on the royalty agreement that it would not otherwise have done. There is substantial evidence to sustain this finding. This was in effect a finding that there was no consideration for that contract. See 13 C. J. 351, § 207; 17 C. J. S. 463, § 110; *Schuler v. Myton,* 48 Kan. 282, 29 Pac. 163; *Conklin v. Lorimer,* 10 Kan. App. 550, 63 Pac. 23 and 12 Am. Jur. 582, § 88.

The negotiations between the parties continued over a period of time from September, 1938, to April, 1940. Several written instruments were exchanged and at least two contracts of settlement tentatively entered into. During the course of this time there was an action pending whereby the defendants in this action sought to cancel the lease which the plaintiff had on the land in question. The most important difference obviously between them was the settlement of the action to cancel the lease. Finally, on April 12, 1940, the parties agreed on a contract as to this matter. The court was warranted in drawing the inference that what was done by the plaintiff in the way of drilling wells on the land in question was done pursuant to this contract rather than the minor matter of the royalty interest, which is the subject of this action.

Plaintiff argues that the defendants are estopped from denying its right to the relief sought in this action because the defendants took inconsistent positions at different times. There is no showing in this record that the plaintiff was prejudiced by the conduct of defendants, and as has been noted here there is substantial evidence to sustain the finding of the trial court to the effect that the plaintiff did not rely on any transaction of defendants with reference to royalty. The rule is stated in 31 C. J. S. 344, § 108b, as follows:

"To constitute an estoppel, the party against whom the estoppel is claimed must have done some act or pursued some course of conduct with knowledge of the facts and of his rights, and, in addition, it is essential that the party claiming the estoppel should have been misled to his prejudice."

See, also, *Dent v. Smith,* 76 Kan. 381, 92 Pac. 307; *In re Town of Olsburg,* 118 Kan. 440, 235 Pac. 845; *Robertson v. Andrus,* 125 Kan. 730, 266 Pac. 53, and *Hinshaw v. Smith,* 131 Kan. 351, 291 Pac. 774.

The judgment of the trial court is affirmed.